STATE EX REL. NEWKIRK *v.* SULLIVAN
CIRCUIT COURT ET. AL.

[No. 28,621.  Filed  November  4,  1949.]

634

*Pigg & Tennis,* of Sullivan, for relator.

*Norval K. Harris,* of Sullivan, *pro se,* for respondents.

STARR, J.—This is an original action filed by the relator against the respondents, Sullivan Circuit Court, and Norval K. Harris, as Judge of the Sullivan Circuit Court, for a writ of mandate requiring the respondent judge to grant a change of judge. On the filing of this action an alternative writ was issued commanding the respondent judge to set aside his ruling denying a change of judge and to grant the change or show cause why it should not be done.

The facts in this case are as follows: That on June 1,

1949, the respondent judge appointed the relator a member of the County Board of Public Welfare of Sullivan County; that thereupon the relator assumed his office and was so serving as such member until the 30th day of September, 1949, pursuant to his appointment; that on the last mentioned date the respondent judge, without any notice to relator, and without any hearing, made and entered the following order which was duly entered of record in said court, to-wit:

"In the Matter of the Removal of Member of the County Board of Public Welfare:

"Pursuant to law, the court orders notice of Removal as Member of the County Board of Public Welfare served on Ray Newkirk as such Member; said removal effective in October 13, 1949, for reasons set forth in said notice. Notice served on Ray Newkirk in person."

That written notice of this order was given to the relator on the day that the order was made and was served on relator by the respondent judge; that the notice and the return endorsed thereon, read as follows:

"REMOVAL NOTICE

"To Ray Newkirk, as Member of County Board of Public Welfare of Sullivan County, Indiana:

"You are hereby notified that you are hereby removed as a member of the County Board of Public Welfare of Sullivan County, Indiana, effective October 13, 1949, for each of the following reasons:

"1.—For your failure to attend meetings of said Board regularly, your said failure not being due to illness or unavoidable circumstance.

"2.—Misconduct as such member in that you and your daughter, Jessie Brust, have received compensation while you were serving as such member for burial of deceased recipients of old age assistance

in violation of § 22-1130, Burns' Indiana Statutes (1933) 1947 Repl.

"Notice dated this 30th day of September, 1949.

s/Norval K. Harris
Judge, Sullivan Circuit Court

"Notice served in person by handing original to said Ray Newkirk this 30th day of September, 1949.

s/Norval K. Harris, Judge,
Sullivan Circuit Court"

The record of said court further discloses that the last proceedings in this matter were had on October 14, 1949, at which time the relator appeared and filed his affidavit and motion for change from the judge on account of the bias and prejudice of respondent judge against the relator, which motion was then overruled; that after the overruling of this motion the judge, on his own motion, filed a written complaint against the relator as a member of the board, which complaint specified the reasons for removal in accordance with the above notice; that thereupon witnesses were sworn, and a hearing was had; that at the conclusion of all the evidence the court entered a finding that the relator should be removed as a member of said board for the reasons set forth in the complaint and notice, which removal should be effective immediately. Upon this finding the court entered judgment removing the relator as a member of said board.

The question presented to us for decision is whether or not relator was entitled to a change of judge from the court under § 2-1402, Burns' 1946 Replacement. This statute provides for a change of venue from the judge in "any matter of a civil, statutory or equitable nature not triable by a jury" upon the application of either party or his attorney, made upon an affidavit showing

one or more of the reasons named in the statutes of this state authorizing changes of venue from the judge in civil actions.

By § 52-1117, Burns' 1933 (1947 Supp.), there is created a county department of public welfare which shall be administered by the county board of public welfare. By § 52-1118, Burns' 1933 (1947 Supp.), it is provided that this board shall consist of five members who shall be appointed by the judge of the circuit court in counties such as Sullivan County; that they shall be appointed for a definite term of four years, and before entering upon the discharge of their official duties, each member shall take and subscribe an oath of office, and "that the judge of such court may at any time remove any member of the board for misconduct, incapacity or neglect of duty, after due notice in writing." The duties of the county board are defined by § 52-1119 Burns' 1933 (1947 Supp.), and of the county department by § 52-1120, Burns' 1933 (1947 Supp.). From our reading of the foregoing statutes, we are of the opinion that a member of the county welfare board is a public officer as distinguished from an employee. See *Hyde* v. *Board of Commissioners of Wells County* (1935), 209 Ind. 245, 198 N. E. 333, for a good discussion as to what constitutes an officer.

By the above quoted portion of said § 52-1118, in regard to the removal of such officer, it will be noted that he can only be removed for certain causes, to-wit: misconduct, incapacity or neglect of duty, after due notice in writing. We interpret this provision to mean that he cannot be removed without a hearing. *Hagerty* v. *Shedd* (1909), 75 N. H. 393, 74 Atl. 1055; *Hyde* v. *Board of Commissioners of Wells County, supra.*

It is the law in Indiana that a hearing for the discharge of a public officer who is appointed for a definite

term, and whose discharge must be for cause, is the exercise of a judicial function. *Hyde* v. *Board of Commissioners of Wells County, supra; Hastings* v. *Board of Commissioners* (1933), 205 Ind. 687, 188 N. E. 207, and in such proceeding the officer has the right to a trial of the issue.

It is our opinion that the provision in § 52-1118 which states: that "The judge of such court may, at any time, remove any member" refers to the circuit court and not to the judge as an individual, as this provision confers the power to make a judicial decision. The words "the court" and "the judge" are frequently used in our statutes as synonymous. *Levey et al.* v. *Bigelow, by next friend* (1893), 6 Ind. App. 677, 34 N. E. 128. "It is not an usual use of language, in the statutes, to put the judge for the court, and to make provisions for him to execute which can only be executed in court." *Porter* v. *United States*, 2 Paine 313, Fed. Cas., No. 11,290. See also *Re United States* (1904), 194 U. S. 194, 24 S. Ct. 629, 48 L. Ed. 931; *Guthrie National Bank* v. *Guthrie* (1899), 173 U. S. 528, 19 S. Ct. 513, 43 L. Ed. 796.

This cause is not triable by jury as it is a special statutory proceedings which statute provides that it shall be disposed of by the judge. *Campbell* v. *State* (1908), 171 Ind. 702, 87 N. E. 212; *Graham* v. *Platner* (1926), 87 Ind. App. 462, 151 N. E. 735.

This is a matter which comes squarely within the provisions of § 2-1402, Burns' 1946 Replacement, above cited, and relator is entitled to a change of judge.

The alternative mandate is made absolute.

NOTE.—Reported in 88 N. E. 2d 326.