STATE EX REL. GEARHART *v.* MURRAY, JUDGE, ETC. ET AL.

[No. 29,819. Filed September 22, 1959.]

*James E. Keating,* of South Bend, for relator.

*Paul Reed,* of Knox, *Philip Cagen* and *James McGarvey,* both of Valparaiso, for respondents.

ACHOR, C. J.—On June 23, 1959, the respondent **Jack Murray,** as Judge of the Starke Circuit Court, filed an information in the Starke Circuit Court addressed to Jerome Gearhart for his removal from the County Board of Public Welfare pursuant to Acts 1959, ch. 373, §1, p. 999, being §52-1118, Burns' 1951 Repl. (1959 Supp.) and notice was issued accordingly.

The relator Gearhart appeared in person and by his attorney on the 29th day of June, 1959, and filed an affidavit for a change of venue from the judge. The motion was overruled. However, on July 3, 1959, the respondent disqualified himself as judge in said cause.

On July 6, 1959, the respondent at the request of relator submitted three names from which to select a special judge. However, respondent made an entry directing counsel for relator to submit a brief to the

court on the question regarding the manner in which the selection of the special judge should proceed.

Relator did not and has not submitted a brief as requested by respondent. However, on July 8, 1959, relator attempted to strike one of the parties named and requested the respondent to forthwith make the appointment from the two parties remaining in the submitted list. This respondent has refused to do. Relator now asks that a writ of mandate issue to the respondent requiring him to strike or, in the alternative, that the Clerk be ordered to strike in his stead, or that, as a second alternative, he be required to certify the record in the case to this court for the appointment of a special judge.

Under the circumstances here presented, it is not necessary that we decide whether respondent was justified in refusing to act until a brief had been provided by relator on the question of law presented. We are here presented with a certified copy of the record regarding which both the relator and the respondent concur. This record discloses that respondent filed the information for the impeachment or removal of the defendant from office. This type of proceedings, we have held, is adversary in nature and that, because of this fact, the defendant is entitled to a change of judge. *State ex rel. Newkirk* v. *Sullivan Circuit Court* (1949), 227 Ind. 633, 88 N. E. 2d 326.[1] In this proceedings the position of respondent is that of a party-plaintiff. Under these circumstances the controlling procedure for the selection of a special judge is stated by Rule 1-12 of this court as follows:

". . . Whenever the regular judge or presiding judge of any court shall be a party to any pro-

1. The method of selecting the special judge was not placed in issue in *State ex rel. Newkirk* v. *Sullivan Circuit Court* (1949), 227 Ind. 633, 88 N. E. 2d 326.

ceeding, whether civil, statutory, or criminal, the venue of which shall be before him, such judge shall at once disqualify himself, and cause such fact to be certified to the Supreme Court, which shall thereupon appoint as special judge, the regular judge of a circuit or superior court of this state. . . ."

Since the record in this proceedings is already before us which requires the appointment of a special judge by this court, no purpose would be served ■ by mandating further action preliminary to the certification of such record to this court. The petition for writ of mandate is therefore denied.

However, because of the duty imposed upon us by reason of Rule 1-12, *supra*, under the record before us, we do now appoint Robert L. Thompson, regular judge of the Pulaski Circuit Court, as special judge in this case.

Arterburn, Bobbitt, Jackson and Landis, JJ. concur.

NOTE.—Reported in 161 N. E. 2d 167.