STATE EX REL. ROCKPORT-OHIO ETC. v. STUTEVILLE,
JUDGE ETC. ET AL.

[No. 30,078. Filed April 13, 1961.]

*Ralph Zoercher,* of Tell City, and *Paul F. Mason,* of Rockport, for relators.

*Don Hendrickson,* of Boonville, and *Robert S. Wagoner,* of Rockport, for respondents.

BOBBITT, C. J.—Relators seek a writ of prohibition to prohibit respondents from acting further in a certain cause now pending in respondent-court, wherein the plaintiffs are attempting to enjoin relator, Lincoln Land School Building Corporation, from issuing and selling bonds of such corporation to finance the cost of construction of a new school building. We issued a temporary writ.

Relator, Rockport-Ohio Township Schools, Inc., is a duly constituted school corporation, comprised of the City of Rockport and Ohio Township, both in Spencer County, Indiana.

Relator, Lincoln Land School Building Corporation, is a non-profit school building corporation, organized under applicable laws of the State of Indiana, and authorized to issue bonds and construct an elementary

school building in the City of Rockport, Indiana, for lease to Rockport-Ohio Township Schools, Inc.

The construction of such school building has been approved by all necessary agencies, including the State Board of Tax Commissioners.

Subsequent to the overruling of a remonstrance and approval of the bond issue by the State Board of Tax Commissioners, viz., on February 21, 1961, a petition was filed with the consolidated school corporation, signed by the required percentage of legal voters residing in Ohio Township, seeking to dissolve such corporation, pursuant to the provisions of Acts 1927, ch. 106, p. 281, being §§28-1259 to 28-1264, Burns' 1948 Replacement.

While this petition was pending before the school board having charge of such consolidated school, and before any notice was given as provided in §3 of the Acts of 1927, the 1961 Session of the General Assembly of the State of Indiana, by the enactment of ch. 228 of the Acts of 1961, specifically repealed ch. 106 of the Acts of 1927, *supra*. This repealing Act contains an emergency clause providing that it be in "full force and effect from and after its passage," and it became effective on March 9, 1961.

On March 21, 1961, one Lloyd Shelton, "on behalf of himself and all other petitioners of Ohio Township, Spencer County, Indiana," filed his complaint for injunction, being Cause No. 5984 in the Spencer Circuit Court.

The complaint alleges, *inter alia*, that the plaintiff on behalf of himself and more than twenty per cent of the legal voters in Ohio Township, Spencer County, Indiana, on or about February 21, 1961, filed their petition with the consolidated school corporation to require an election on the question of dissolving the corpora-

tion; that defendant (relator) Lincoln Land School Building Corporation is "threatening to and is about to receive and accept bids" for the sale of first mortgage bonds to finance the construction of a school building to be leased to defendant (relator) Rockport-Ohio Township Schools, Inc.; and that the sale of such bonds will cause an increased indebtedness upon the taxpayers of Ohio Township to their damage "in the event that said school corporation is dissolved."

On March 22, 1961, defendants in Cause No. 5984, *supra*—relators here—filed their motion to strike and dismiss the complaint for the reason that respondent-court did not have jurisdiction of the subject matter. This motion was overruled and the action here followed.

Relators assert that the trial court was without jurisdiction to entertain the suit for injunctive relief because the plaintiff therein relied upon Acts 1927, ch. 106, p. 281, *supra,* as the basis for his action, and this statute was repealed by Acts 1961, ch. 228, before any vested rights had accrued to the plaintiff under the prior Act. The record here before us sustains relators' position.

The complaint in Cause No. 5984, *supra,* does not allege that any notice was published as provided by the 1927 Act. Neither does it allege any facts which in our judgment show that any rights were vested in the plaintiff by operation of the statute. The right to have the question of the dissolution of the school corporation submitted to the voters of the township depended upon a statute which was repealed before such rights reached fruition. Cf.: *Murray* v. *Tyndall* (1945), 223 Ind. 641, 63 N. E. 2d 703; *City of Indianapolis* v. *Wynn* (1959), 239 Ind. 567, 157 N. E. 2d 828, 833.

The repealing statute—ch. 228, Acts 1961—contains no saving clause and the record here fails to show the impairment of any vested right. Under such circum-

stances the enactment of ch. 228 of the Acts of 1961 rendered ch. 106 of the Acts of 1927, ineffective and deprived the court of jurisdiction to proceed further in aid of the enforcement of its provisions.

Plaintiff, in the proceeding below, sought by injunctive relief to enjoin the issuance of bonds until such time as an election could be held to decide the question of the dissolution of the school corporation. However, before the statutory right to such an election could vest in plaintiff and all other members of the class, the 1927 Act granting such rights was repealed, thus abolishing any and all rights granted under that statute. The court was divested of jurisdiction of the subject matter of the injunction suit herein by the repeal of the statute under which the plaintiff was seeking relief.

A writ of prohibition will lie to prevent a court of inferior jurisdiction from issuing an injunction where it has no jurisdiction to grant the relief sought. *State ex rel. Smith* v. *Delaware Cir. Ct.* (1952), 231 Ind. 173, 176, 108 N. E. 2d 58; *State ex rel. Busick* v. *Ewing* (1951), 230 Ind. 188, 192, 102 N. E. 2d 370; *State ex rel. Evansville, etc., Lines* v. *Rawlings* (1951), 229 Ind. 552, 565, 99 N. E. 2d 597; *State ex rel. Fry* v. *Superior Court of Lake County* (1933), 205 Ind. 355, 360, 186 N. E. 310; 19 I. L. E., Mandate and Prohibition, §166, p. 310.

The temporary writ heretofore issued herein is hereby made permanent.

Landis, Achor, Arterburn and Jackson, JJ., concur.

NOTE.—Reported in 173 N. E. 2d 745.