STATE EX REL. RANS ET AL. *v.* ST. JOSEPH SUPERIOR COURT NO. 2, F. KENNETH DEMPSEY, JUDGE.

[No. 30,810. Filed July 12, 1966.]

*Louis L. Anderson,* of South Bend, for relator.

*Douglas D. Seely, Jr.,* and *Jones, Obenchain, Johnson, Ford & Pankow,* of South Bend, for respondents.

RAKESTRAW, C. J.—This is an original action brought by the relator arising out of a suit for review of a judgment. The relator had obtained a jury verdict on June 27, 1963, against the plaintiff in the cause below in the amount of $73,000. Judgment was entered on that verdict on the same date. A motion for new trial was filed on July 10, 1963, and overruled on April 2, 1964. There was then filed a motion for rehearing on the motion for new trial. The trial court, after some preliminary proceedings, granted the motion for rehearing and granted a new trial on May 29, 1964.

After the motion for new trial had been granted, an original action was filed in this court, and as a result of that action, the order granting the motion for new trial was expunged by order of this court on January 5, 1965.

On January 15, 1965, the defendant filed the complaint below for review of the judgment. The relator filed an "Answer in Bar" on January 21, 1965. The relator later filed a motion to dismiss the complaint on May 21, 1965, which motion was overruled. The relator then filed a motion to expunge the ruling overruling the motion to dismiss the complaint, which motion to expunge was overruled on July 6, 1965. The relator then sought a writ of mandate and prohibition in this court. The relief asked would be that this

court order the trial court to dismiss the complaint for review of the judgment.

The legal issue which is raised in the petition for mandate and prohibition is whether or not the complaint to review the judgment was filed on time. The complaint was filed pursuant to Burns' Ind. Stat. Anno. § 2-2604 (1946 Repl.) :

> "Any person who is a party to any judgment, or the heirs, devisees or personal representatives of a deceased party, may file in the court where such judgment is rendered a complaint for a review of the proceedings and judgment. Any person under legal disabilities may file such complaint at any time within one [1] year after the disability is removed. But no complaint shall be filed for a review of a judgment of divorce." [Acts 1881 (Spec. Sess.), ch. 38, § 665, p. 240.]

The order of procedure is not contested. This complaint was filed more than one year after judgment was originally entered in the case, but less than one year after the motion for new trial was overruled. The relator argues that the statutory one-year period runs from the time judgment was initially rendered, and the respondent maintains that said one-year period runs from the time that the motion for new trial was overruled.

We feel it is of primary importance, however, to examine the procedure by which this question was raised. This court has held that a complaint to review a judgment need not allege that the action was brought within the time limited by the statute. *Boyd, by Next Friend, et al.* v. *Fitch et al.* (1880), 71 Ind. 306; Lowe's Revision of Works' Indiana Practice § 65.98. Even if the complaint shows upon its face that it was not filed within the time limited by statute, it is not insufficient unless it also shows that the plaintiff was not under disability. *The State, ex rel. Clawson et al.*, v. *Younts* (1883), 89 Ind. 313; *Whitehall* v. *Crawford et al.* (1879), 67 Ind. 84; Lowe's Revision of Works' Indiana Practice § 65.98, *supra.*

The relator apparently realized that the complaint was not bad on its face, for the relator filed a pleading designated

as "Answer in Bar." This "Answer in Bar" sets forth that the judgment was rendered more than one year prior to the filing of a complaint for review. Subsequent to that time, the relator filed a motion for judgment on the pleadings, but later withdrew the motion for judgment on the pleadings. It is the relator's motion to dismiss and the other motions addressed to the motion to dismiss upon which the relator now relies in this court.

The motion to dismiss contains three allegations:

1) That the court had no jurisdiction of the action because the complaint was filed more than one year after the judgment entered;

2) that the bill of exceptions was not filed within 90 days after the ruling on the motion for new trial;

3) that the complaint was filed for the purpose of harrassing the relator and that it was frivolous and without merit.

We have been cited no authority, and we know of none, which holds that a motion to dismiss is a proper pleading to be filed in this situation. At the time the motion to dismiss was filed, a complaint and an answer were on file. A reply was required to close the issues. No evidence had been presented to the trial court. If the motion to dismiss is to be treated as a demurrer to the complaint, it was filed too late, since an answer in bar had been previously filed; and it is not proper as a demurrer, since the complaint would have been good as against a demurrer. *The State, ex rel. Clawson et al.*, v. *Younts, supra; Whitehall* v. *Crawford et al., supra.* Under these circumstances, the trial court had no alternative but to overrule the motion to dismiss.

From the record, it appears to us that the relator is attempting to by-pass the normal requirement that a trial court decide an issue before it is brought to this court. This court is being asked to enter judgment on the merits of the case prior to its submission to a trial court; prior to the conclusion of the pleadings, and prior to the presentation of any evidence.

Mandate or prohibition cannot be used to control judicial discretion, or predetermine the decision of the trial court in this manner. *State ex rel. Beatty* v. *Nichols, Sp. J., etc.* (1954), 233 Ind. 432, 120 N. E. 2d 407; *State ex rel. Williams* v. *Goshorn* (1942), 220 Ind. 369, 43 N. E. 2d 870; *State ex rel. Nineteenth Hole, Inc.* v. *Marion S. Ct.* (1963), 243 Ind. 604, 189 N. E. 2d 421.

We have held many times that a matter to be presented to this court must be first presented to the trial court in a proper manner. It is only when a trial court refuses to act pursuant to a clear duty, or take action inconsistent with its lawful jurisdiction, that this court will interfere by mandate or prohibition. *State ex rel. Nineteenth Hole, Inc.* v. *Marion S. Ct., supra; State ex rel. Beatty* v. *Nichols, Sp. J., etc., supra.*

There is a serious and legitimate question of law to be presented in the case below. However, we are of the opinion that the matter should first be decided by the trial court. The trial court has jurisdiction of the parties and the subject matter. If the relator is then damaged by an incorrect decision, his remedy is by appeal.

The temporary writ heretofore issued is now dissolved and the permanent writ requested is denied.

Arterburn & Myers, JJ., concur. Jackson, J., concurs in result. Achor, J., not participating.

NOTE.—Reported in 218 N. E. 2d 347.