STATE EX REL. ROOT *v.* CIRCUIT COURT OF ALLEN COUNTY.

[No. 772S102. Filed November 27, 1972.]

*Theodore L. Sendak,* Attorney General, *Michael Schaefer,* Deputy Attorney General, for appellant.

*Donald D. Doxsee,* of Fort Wayne, for appellee.

ARTERBURN, C.J.—This original action was commenced by relator Joseph R. Root, Commissioner of the Bureau of Motor

Vehicles, seeking the issuance of a Writ of Prohibition to forbid Respondent Circuit Court of Allen County and the Honorable Herman F. Busse, Judge of that court, from continuing to enforce the provisions of a temporary restraining order issued on behalf of Anthony Stellar, Petitioner below. The restraining order had the effect of staying the suspension of Stellar's drivers license pending a hearing on whether or not Stellar was entitled to a restricted driving permit.

The facts giving rise to the application for this Writ are as follows:

1. On June 2, 1972, Anthony Stellar was found to have failed to take the breathalyzer test pursuant to Indiana law under the implied consent statute, IC 1971, 9-4-4.5-1 to -4, *Burns' Ind. Stat. Ann* §§ 47-2003c-f (1972 Supp.). As a result, the Judge of the Traffic and Misdemeanor division of the Allen Superior Court took Stellar's drivers license and forwarded it together with the proper form to the Relator, who is required to comply with the Court's recommendation. The recommendation was to suspend Stellar's license for one year.

2. On July 5, 1972, Stellar petitioned the Circuit Court of Allen County, the Honorable Herman F. Busse presiding, for a restricted driving permit pursuant to IC 1971, 9-5-2-1 to -2, *Burns' Ind. Stat. Ann.* §§ 47-2721—2722 (1972 Supp.). With the petition was a request for a temporary restraining order to stay the suspension of the driver's license until a determination was made on the merits of the petition.

3. On July 5, 1972, the Honorable Herman F. Busse granted petitioner's request for a temporary restraining order without notice and notified the defendant that a hearing on the application for a permanent injunction would be had on July 17, 1972.

4. On July 17, 1972, the Relator, Joseph R. Root, filed a motion to dissolve the temporary restraining order and an objection to the issuance of the preliminary injunction on the ground that the proceeding for a hardship license is

purely a creature of statute. IC 1971, 9-5-2-3, *Burns' Ind. Stat. Ann.* § 47-2723 (1972 Supp.) provides in part:

"Any suspension or revocation under any provision of the motor vehicle laws of this state shall stand unmodified and in full force and effect during the pendency of any cause under this act . . . and until the issuance of the said restricted driving permit by the commissioner of motor vehicles in accordance with the recommendation of the said Court."

5. On July 17, 1972, the Honorable Herman F. Busse denied the Relator's motion to dissolve the temporary restraining order and continued the cause for final disposition.

6. On July 31, 1972, Relator filed with the Clerk of the Indiana Supreme Court a petition for a writ of prohibition on the ground that the restraining order obtained by Anthony Stellar had the effect of nullifying the lawful suspension of Stellar's drivers license pursuant to IC 1971, 9-4-4.5-4, *Burns' Ind. Stat. Ann.* § 47-2003 f (1972 Supp.).

7. On July 31, the Supreme Court granted the temporary writ of prohibition against the Circuit Court of Allen County.

The Respondent seeks to have this Court dissolve the temporary writ of prohibition issued against it and to have this action dismissed for the following reasons:

1. That the Relator should have appealed the Circuit Court's action denying his motion to dissolve the temporary restraining order.

2. That a writ of prohibition will not lie because the Circuit Court has not exceeded its jurisdiction.

3. That the Circuit Court has statutory authority to issue restraining orders.

4. That the Circuit Court has inherent equity power to issue restraining orders.

We shall consider these points together. With respect to the argument that the relator has a remedy by appeal and,

therefore, should be denied a remedy by way of a writ of prohibition, this court has heretofore held that such a principle of procedure does not apply when there is a lack of jurisdiction involved. *See eg. State ex rel. Peoples National Bank & Trust Co.* v. *Dubois Circuit Court* (1968), 250 Ind. 38, 233 N. E. 2d 177, *reh. den.* 234 N. E. 2d 859; *State ex rel. Rockport-Ohio Twp. Schools* v. *Stuteville* (1961), 241 Ind. 560, 173 N. E. 2d 745; *State ex rel. Marion County Plan Comm'n* v. *Superior Court of Marion County* (1956), 235 Ind. 607, 135 N. E. 2d 516; *Wedmore* v. *State* (1954), 233 Ind. 545, 122 N. E. 2d 1; *State ex rel. Ayer* v. *Ewing* (1952), 231 Ind. 1, 106 N. E. 2d 441; *State ex rel. Smith* v. *Delaware Circuit Court* (1952), 231 Ind. 173, 108 N. E. 2d 58. Where the lower court has no jurisdiction to act in a particular manner, a party may not be deprived of a writ of prohibition to halt the erroneous action simply because the order is one from which the relator could also appeal. A lack of jurisdiction may be remedied at any stage in the proceedings, and it was proper for the Relator to raise the issue in this original action.

The Circuit Court of Allen County, by statute, has jurisdiction to hear a petition for a restricted driving permit. IC 1971, 9-5-2-1 to -3, *Burns' Ind. Stat. Ann.* §§ 47-2721—2723 (1972 Supp.) provide:

"Whenever any person's current driving license has been suspended under the provisions of any of the motor vehicle laws of this state, and because of the nature of his employment, the suspension of such current driving license would work an undue hardship and burden upon his family or dependents, such person, may file a verified petition for a restricted driving permit for the sole and exclusive purpose of driving to and from work and in the course of his employment during the period of driving license suspension prescribed by said commissioner; Provided, however, That the provisions of this act [§§ 47-2721—47-2726] shall not be applicable to a suspension of any current driving license upon the failure of any person to file any security or any proof of financial responsibility following an accident as required by, or upon the failure of any person to satisfy

a judgment for damages arising out of the use of a motor vehicle on a public highway as provided for in chapter 159 of the 1947 Acts of the General Assembly of Indiana [§§ 47-1044—47-1088], when suspension is by reason of physical, mental or emotional instability, or if the applicant has been convicted of involuntary manslaughter as a result of an automobile accident, reckless homicide, or if the applicant's license has been previously suspended, or if the applicant has failed to avail himself of timely appeal procedures provided by the bureau of motor vehicles. *Id.* -1, § 47-2721.

Such veified petition shall be filed in the circuit court of the county wherein such person resides, and shall be docketed by the clerk of said court in the name of the petitioner against the prosecutor of such county, the sheriff of such county, and the commissioner of motor vehicles of the state of Indiana, who shall appear, in person or by deputy, and be heard by the court on the said petition. Summons shall be issued and be returned as provided in other civil actions, except that the coroner shall serve the summons on the sheriff. The defendants may file waivers or consents. The following information shall be included in said petition:

(a) petitioner's age; place of residence, and occupation; and

(b) that he has never been convicted of a similar offense or been suspended for a similar reason before; and

(c) the reason and nature of such hardship or burden upon his family or dependants; and

(d) the nature of and the necessity of the use of a motor vehicle in his employment; and

(e) petitioner's place of employment, hours worked, and route to be traveled for employment purposes. *Id.* -2, § 47-2722.

The issues before the said court shall be deemed closed by denial of all matters at issue without the necessity of filing any further pleadings. Changes of venue from the judge or from the county shall be granted any party under the law now governing or which may hereafter govern changes of venue in civil causes. [*Any suspension or revocation under any provision of the motor vehicle laws of this state shall stand unmodified and in full force and effect during the pendency of any cause under this act [§§47-2721 —47-2726] and until the issuance of the said restricted driving permit by the commissioner of motor vehicles in*

*accordance with the recommendation of the said court.*] Records accumulated in the regular course of business and routinely on file in the offices of the said prosecutor, sheriff, and commissioner of motor vehicles may be admitted at the hearing on the said petition, and such records shall be deemed prima facie evidence of the matters contained on the face thereof in relation to the said petitioner. Court costs for the action on the said petition shall be charged against the petitioner, and the said prosecutor, sheriff, and commissioner of motor vehicles shall not be liable or taxable for any costs in any action under this act." *Id.* -3, § 47-2723 (emphasis added)

The proceeding for obtaining a restricted driving permit is purely a creature of statute. The regulation of driving is within the police power of the state. The General Assembly by enacting IC 1971, 9-5-2-1 *Burns' Ind. Stat. Ann.* § 47-2721 (1972 Supp.) created the source of power in the court to hear petitions for restricted driving permits. In addition, the legislature has, by expressly removing equity jurisdiction from the Circuit Court to stay or modify license suspensions or revocations, limited what would have otherwise been a general power in that court. Under the system of separation of powers in this state the Legislature may constitutionally prevent a court from exercising its equity jurisdiction as long as it does not prevent parties from obtaining due process in the proceedings created by statute. We hold that IC 1971, 9-5-2-3 *Burns' Ind. Stat. Ann.* § 47-2723 (1972 Supp.) is a valid limitation on the court's jurisdiction. *See Underhill* v. *Franz* (1951), 230 Ind. 165, 101 N. E. 2d 264, wherein the court stated that,

"A Court has no power to do anything which is not authorized by law and when its procedure is defined by a special statute, its judicial function is essentially controlled thereby, and the remedy is confined to the mode prescribed, and the procedure so provided excludes resort to another or different procedure." [Citations omitted] *Id.* at 173, 101 N. E. 2d at 267.

IC 1971, 9-5-2-1, *Burns' Ind. Stat. Ann.* §§ 47-2721 (1972 Supp.) *et seq.* provides such a special procedure for obtaining

a restricted driving permit and those sections control the exercise of the judicial function. IC 1971, 9-5-2-3 *Burns' Ind. Stat. Ann.* § 47-2723 (1972 Supp.) expressly excludes resort to the current procedure being used in the Allen Circuit Court of granting temporary restraining orders pending a hearing on a petition for a restricted driving permit.

Despite the specific prohibition in the statute, the respondent nevertheless contends that he has inherent equity jurisdiction to grant temporary restraining orders in these cases. He directs our attention to IC 1971, 34-1-10-1 *Burns' Ind. Stat. Ann.* § 3-2101 (1968 Repl.) for the general grant of equity power, and cites *Porter* v. *Warner Holding Co.* (1946), 328 U.S. 395, 66 S. Ct. 1086, 90 L. Ed. 1332 for the proposition that a statute must either expressly or by necessary implication restrict a court's inherent equity power. We have no quarrel with that decision since we agree that a court of general jurisdiction has inherent equity power unless a statute expressly or impliedly provides otherwise. We believe that IC, 1971, 9-5-2-3, *Burns' Ind. Stat. Ann.* § 47-2723 (1972 Supp.) absolutely prohibits the staying of a lawful order of suspension by the use of a temporary restraining order.

We therefore hold that there can be no inherent equity jurisdiction in the face of a statute specifically limiting the court's jurisdiction in an otherwise valid statutory proceeding. *See Metropolitan School District of Southwest Parke* v. *Vaught* (1968), 249 Ind. 412, 233 N. E. 2d 155, where Justice Hunter, speaking for the majority of this court said:

> "Equity has the power, where necessary, to pierce rigid statutory rules to prevent injustice. *Wabash Valley Coach Co.* v. *Turner* (1943), 221 Ind. 52, 46 N. E. 2d 212, *cert. denied,* 319 U.S. 754, 63 S. Ct. 1167, 87 L. Ed. 1707. But where substantial justice can be accomplished by following the law, and where the parties' actions are clearly governed by the rules of law, equity follows the law. *In this case the rights of the parties are clearly governed by the statute;*

*and no injustice will result from following such statute.* Therefore, equity in this case, must follow the law, there being no equitable reason for not doing so. *See* 2 Pomeroy's Equity Jurisprudence, §§ 425-27 (1941 Edition). *Id.* at 417, 233 N. E. 2d at 158." (emphasis added)

Our decision is to prohibit the Allen Circuit Court from staying the lawful suspension of Anthony Stellar's drivers license pending a hearing on the petition for a restricted driving permit.

For the reasons stated, the temporary writ of prohibition is now made permanent.

All Justices concur.

NOTE.—Reported in 289 N. E. 2d 503.