STATE OF INDIANA ON THE RELATION OF J. MELVIN SEDAM, MEMBER, COUNTY WELFARE BOARD OF RIPLEY COUNTY, INDIANA *v.* THE RIPLEY CIRCUIT COURT AND LENDALL B. TERRY, AS JUDGE OF SAID COURT.

[Filed September 19, 1973.]

*Phillips B. Johnson,* of Versailles, for relator.

Respondent appearing *pro se.*

## ORIGINAL ACTION

HUNTER, J.—Heretofore, on August 3, 1973, this Court issued an alternative writ of mandate ordering the Ripley Circuit Court and Lendall B. Terry, the regular judge, to grant a change of venue from the judge in the cause entitled "In The Matter Of The Removal Of J. Melvin Sedam From The Ripley County Board Of Public Welfare," to assign that cause a number and properly docket it, and to expunge the court records of the entry denying relator's (J. Melvin Sedam) motion for a change of venue from the judge and of the entry of removal of the relator from the Ripley County Board of Public Welfare. Respondent, Judge Terry, timely filed his return on August 13, 1973, praying for the vacation, dismissal and dissolution of the alternative writ.

We believe the respondent has failed to show any reason in law or fact why the writ should not be made permanent.

The record discloses the following facts:

The relator is a duly appointed member of the Ripley County Welfare Board. On July 31, 1973, Judge Terry, without the assignment of a cause number, entered an "Order Setting Hearing on Removal." Later the same day, Judge Terry and his bailiff and probation officer, personally appeared at the relator's residence and demanded that the relator either execute a prepared form of resignation or his removal from office would be summarily ordered by the judge. When the relator inquired as to the grounds for removal, the judge informed the relator that he had voted at a recent board meeting contrary to the way in which he had previously indicated to the judge.

The following day relator moved for a change of venue

from the judge, which was denied by Judge Terry on the same day.

Also, on August 1, 1973, Judge Terry entered an order wherein findings were made that the relator had due notice of legal grounds for removal and that sufficient time (24 hours) was provided relator *in which to show cause.* Furthermore, the judge found that the relator had in fact failed to show cause why he was not guilty of misconduct and accordingly ordered relator removed.

Notwithstanding the judge's finding that ". . . after having heard the response of J. Melvin Sedam to the charge of misconduct," the relator never filed any answer or motion other than the motion for change of venue, nor was there ever any hearing conducted on the matter. Furthermore, the relator was never apprised of the specific instances of misconduct, allegedly attributed to him. That is to say, there was a broad allegation of misconduct and nothing more.

The law requires, in proceedings such as those set out hereinabove, that the board member be granted a change of judge. On facts strikingly similar to the case at bar, this Court in *State ex rel. Gearhart* v. *Murray* (1959), 239 Ind. 677, 161 N.E.2d 167, held that when a circuit court judge files an information seeking the removal of a public welfare board member in his court, the relator is automatically entitled to a change of judge. The court in *State ex rel. Gearhart* held such proceedings to be adversary in nature and the judge to be an adversary therein. Being an adversary proceeding, the board member is entitled to a fair hearing by an impartial, non-adversary tribunal. To allow the judge to, in effect, be both prosecutor *and* judge is to deny the board member the very basic rudiments of due process.

The *Gearhart* holding was based on former Supreme Court Rule 1-12, which is now TR. 79(11). The rule reads as follows:

"(11) Except in courts of justices of the peace, magistrates, city and municipal courts, whenever the regular judge or presiding judge of any court *shall be a party to any proceedings*, whether civil statutory or criminal, the venue of which shall be before him, such judge shall at once disqualify himself and cause such fact to be certified to the Supreme Court which shall thereupon appoint a special judge." (Emphasis added.)

This rule clearly requires the granting of a change of venue from the judge. Furthermore, TR. 76(1) would compel the same result.

The applicable statutory authority for the removal of county welfare board members is delineated in IC 1971, 12-1-3-2, which reads in pertinent part as follows:

"All members shall thereafter serve at the pleasure of the respective appointing authority: Provided, *That no member shall be removed from such board except for misconduct, incapacity or neglect of duty after due notice in writing and hearing thereon before the appointing authority. . . .*" (Emphasis added.)

Inherent in the above statute are the fundamental notions of due process under the law. Due process demands that the challenged member be given "notice in writing" of the *specific* allegations leveled against him, and further that he be afforded a "hearing thereon before the appointing authority." A preemptory discharge without these basic safeguards is an arbitrary affront to due process which cannot be tolerated.

In short, we hold that the removal of board members is a subject for judicial determination. In all cases where the appointing authority is not the party filing an information seeking removal, the appointing authority is the appropriate tribunal. However, where the appointing authority files the information, a special judge must be appointed pursuant to TR. 79(11).

For all the foregoing reasons, the alternative writ of mandate heretofore entered is hereby made permanent. The

respondent herein is ordered to vacate his order of removal, to vacate an order appointing a successor to the board, if any has been so appointed, and to vacate his order denying the motion for a change of venue. Further, the respondent herein is ordered to grant the change of venue from the judge.

The Court hereby appoints The Honorable Lester G. Baker, Judge of the Seventh Circuit Court, as special judge in this cause.

Arterburn, C.J., and Givan, J., concur; DeBruler, J., dissents with opinion in which Prentice, J., concurs.

### DISSENTING OPINION

DeBruler, J.—The statute conferring the duty upon certain mayors and trial judges to appoint and remove members of county boards of public welfare reads in pertinent part as follows:

"The county board of public welfare shall consist of five members, who shall have been legal residents of the county for a period of at least two years prior to the date of their appointment, who shall be persons having a recognized interest in and knowledge of the problems of public welfare, and shall be appointed by the judge of the circuit court: Provided, That no elective county official shall serve as a member of the county board of public welfare: Provided, further, That in counties wherein are located separate juvenile courts, such appointments of the county board of public welfare shall be made by the judges of such juvenile courts except however, in counties having a city of the first class according to the last preceding United States census, the mayor shall make three such appointments and the judge of the juvenile court shall make two such appointments. Not more than two members of the county board of public welfare appointed by the mayor shall be adherents of any one political party. The members appointed by the juvenile judge shall be of different political parties. All present members of the Board in counties having a city of the first class shall serve until January 1, 1966, at which time a new board shall be appointed in accordance with the provisions of this act. All members shall thereafter serve at the pleasure of the respective appointing authority: Provided, That no member shall be

removed from such board except for misconduct, incapacity or neglect of duty after due notice in writing and hearing thereon before the appointing authority. Any vacancy occurring for any cause in the membership of the board, shall be filled for the unexpired term by the authority making the original appointment." IC 1971, 12-1-3-2, being Burns § 52-1118.

I do not believe that the Legislature, in this statute contemplates the judge as acting as a judge or that it contemplates the appointing or removal authority conferred upon him as judicial in nature. This power does not fall, in my judgment, within the judicial power vested by the Constitution in judges of courts. There are no adverse parties identified in the statute in a removal proceeding. The statute does not assign the burden of proof or the manner of receiving evidence. It does not require the recording of evidence or the making of a court record. The proceedings, of course must comport with the basic requirements of due process, tailored to the proceeding; and the decision or removal may well be subject to some form of judicial review, but those are attributes of both administrative and judicial proceedings. Extant in this statute is the legislative judgment that certain mayors and judges are the best governmental functionaries to carry out the goal the Legislature had in mind, *i.e.*, that qualified people be appointed and kept on these important boards. The function here assigned to judges is the same function performed by administrative boards which sit to remove firemen and policemen. The fact, as is here the case, that a judge performs such an administrative function does not make that function judicial. Here it is the nature of performance that counts and not the nature of the performer.

In my view the proceedings held by a judge to appoint or remove a welfare board member are not "proceedings" within the intendment of that term in the statute and rules governing the right to change of venue from the judge. The Legislature meant just what it said when it required the hearing on removal to be heard before the appointing authority. The

appointing authority in this case is Judge Terry and not a special judge appointed by this Court. There may well be laws which are intended to relieve a party from the decision of a biased and prejudiced administrative tribunal, however I do not believe our change of venue laws are intended to be such.

I readily agree with the majority that the cases of *State ex rel. Gearhart* v. *Murray* (1959), 239 Ind. 154, 161 N.E. 2d 167, and *State ex rel. Newkirk* v. *Sullivan Circuit Court, et al.* (1949), 227 Ind. 633, 88 N.E.2d 326, support the right of this petitioner to a change of venue from Judge Terry. However since that issue has not been raised during my term on this Court, I therefore take this opportunity to express my views contrary to them. These cases fail to distinguish and recognize the difference between cases wherein a judge is acting as a judge and when he is performing a non-judicial function.

I vote to dissolve the temporary writ and deny the permanent writ.

Prentice, J., concurs.

NOTE.—Reported at 301 N.E.2d 185.