THE STATE OF INDIANA ON THE RELATION OF KINGSTON B. ELY, STATE REGISTRAR OF VITAL STATISTICS AND WILLIAM T. PAYNTER, M.D., STATE HEALTH COMMISSIONER v. THE ALLEN CIRCUIT COURT AND THE HONORABLE HERMANN F. BUSSE, AS JUDGE OF THE ALLEN CIRCUIT COURT.

[No. 973S186. Filed December 27, 1973.]

*Theodore L. Sendak,* Attorney General, *Michael Schaefer,* Assistant Attorney General, for relators.

*R. David Boyer, Helmke, Beams & Boyer,* of Fort Wayne, for respondents.

GIVAN, J.—This is an original action in which relators have petitioned this Court for a writ of prohibition to prohibit respondents' enforcement of an order in an action captioned "In Re Records of Fort Wayne Board of Health," cause number CC-73-403 and a writ of mandate to mandate respondent judge to vacate and expunge that order from the records of the respondent court.

The record in this case reveals the following:

On August 3, 1973, Ernest Williams, Editor of the Fort Wayne News-Sentinel, filed a petition in respondent court seeking to compel the disclosure of a birth certificate in the records of the Fort Wayne Board of Public Health, which petition was granted without notice to relators.

On August 8, 1973, Williams filed an additional petition to compel disclosure of the birth certificate by Kingston B. Ely, State Registrar of Vital Statistics. After an *ex parte* hearing, this petition was granted also and relators were ordered to produce birth certificate No. 113-41-049-230. A certified copy of this order was delivered to relators on August 9, 1973. The

records disclose that the birth certificate sought is a record of an illegitimate birth.

On August 10, 1973, Williams was informed that the relators were refusing to comply with the order of August 8, 1973, and would challenge said order. On that date Williams filed a verified information for contempt against Relator Ely in respondent court.

On August 14, 1973, relators' motion to vacate and expunge, postmarked August 10, 1973, was filed in respondent court. This motion was overruled on August 31, 1973.

Relators then petitioned this Court to prohibit enforcement of the order of August 8, 1973, and to mandate that the order be expunged.

On October 17, 1973, a temporary writ of prohibition and mandate was granted by this Court on the grounds that the order of August 8, 1973, was void for want of jurisdiction over relators.

It is relators' contention that the trial court failed to obtain jurisdiction over them because the order was issued without notice.

Respondents argue that no notice to relators was required citing IC 16-1-16-6, BURNS IND. ANN. STAT. (1969 Repl.), § 35-1806, which states that disclosure of illegitimacy may be made only upon order of a court, and that the statute does not provide for notice. However, in another section of the statute the registrar is given discretion over all records in his custody, IC 16-1-19-3, BURNS IND. ANN. STAT. (1969 Repl.), § 35-2103, which section reads as follows:

> "The records and files of the division of the state board of health concerning vital statistics are subject to the provisions of this act and regulations of the state board; data therein contained may be disclosed only as follows:
>
> "1. Disclosure of illegitimacy of birth or of information from which it can be ascertained, may be made only upon order of a court or the judge thereof.
>
> "2. The state registrar shall permit inspection of the records or issue a certified copy of a certificate of part

thereof if he is satisfied that the applicant therefor has a direct interest in the matter recorded and that the information therein contained is necessary for the determination of personal or property rights. His decision shall be subject, however, to review by the board of a court under the limitations of this section.

"3. The board may permit the use of data contained in vital statistical records for research purposes only, but no identifying use thereof shall be made.

"4. In any extraordinary case wherein the state registrar has satisfied himself that a direct tangible and legitimate public interest is subserved. [Acts 1949, ch. 157, § 1237, p. 416.]"

From the language of the above statute, it is clear that the court orders should not be entered upon the mere whim of the trial judge, but should be entered only after a hearing to determine facts which would justify disclosure under the terms of the statute.

Failure to give notice to the custodian of the records in this situation violates the fundamental principle of due process. See *Mueller* v. *Mueller* (1972), 259 Ind. 366, 287 N. E. 2d 886, 33 Ind. Dec. 55.

Inasmuch as relators were not given notice in a situation in which they have an official interest, respondents obtained no jurisdiction over them. See IND. RULES OF PROC. Rule TR. 4 (A).

Respondents in their attempt to carry the burden as to why the temporary writ heretofore issued should be vacated, argue that relators have an adequate remedy at law and, therefore, should not be allowed the special remedy of mandamus.

It is respondents' argument that should relators be convicted for contempt, they would have an adequate remedy by appeal. Respondents cite *State ex rel. Roberts* v. *Morgan Circuit Court* (1968), 249 Ind. 649, 232 N. E. 2d 871, 12 Ind. Dec. 476, for the proposition that this Court should not issue a writ of prohibition to prevent a petitioner from being subjected to the contempt power of the trial court. In the *Roberts* case this Court found that the trial court had

jurisdiction of the relator, and that contempt was the proper method of enforcing the court's order. However, the principle laid down in the *Roberts* case does not pertain in situations where the trial court has failed to gain jurisdiction of the party against whom the contempt is alleged.

In *State ex rel. Root* v. *Allen Circuit Court* (1972), 259 Ind. 500, 289 N. E. 2d 503, 505, 33 Ind. Dec. 637, 639, this Court stated:

> "With respect to the argument that the relator has a remedy by appeal and, therefore, should be denied a remedy by way of a writ of prohibition, this court has heretofore held that such a principle of procedure does not apply when there is a lack of jurisdiction involved."

Respondents further contend that a writ should not issue claiming the alleged lack of jurisdiction is doubtful. However, we hold that in instances such as the case at bar where the respondents have never obtained personal jurisdiction over the relators, such lack of jurisdiction is not doubtful but certain.

The question has also been presented to this Court as to the merits of the proceeding below, i.e., whether the plaintiff may under the facts of this case successfully seek a court order to obtain information contained on the certificate recording an illegitimate birth. This question is tangent to the issue of jurisdiction and, therefore, need not and should not be considered by this Court at this time.

It is well settled in Indiana that this Court in an original action should not reach the merits of the case. See *State ex rel. Rans* v. *St. Joseph Superior Court No. 2* (1966), 247 Ind. 507, 218 N. E. 2d 347, 8 Ind. Dec. 683.

For the above reasons the temporary writ heretofore issued by this Court is now made permanent.

Arterburn, C.J., and Hunter and Prentice, JJ., concur; DeBruler, J., dissents with opinion.

## DISSENTING OPINION

DeBRULER, J.—The writ should be denied in this case for the following reasons:

1. The trial court obtained personal jurisdiction over the State Board of Health and its Division of Vital Statistics, when the local health officer appeared on August 3, 1973, in the trial court by his lawyer. This lawyer participated in a hearing on the petition to compel disclosure. This hearing resulted in the first order of the trial court directed to the local health officer, requiring him to permit inspection of the subject birth record. The health officer is the district registrar of the Division of Vital Statistics and his office is the district office of the Division.[1] The local health officer maintains copies of birth records for his county. These records are identical to those in the custody of the State Board of Health. The trial court is authorized by statutes to order production of birth records in the custody of either the local health officer or the State Board of Health, or both.[2] Under these statutes, and for these purposes, the local health officers should be considered an agent for the State Board of Health, and therefore

---

1. Indiana Code 1971, 16-1-15-4, being Burns § 35-1704: "The employee in charge of the division of the state board administering the system of vital statistics shall be known as the 'state registrar' and shall have charge of the files and records pertaining to vital statistics and perform the duties prescribed by the state board."

Indiana Code 1971, 16-1-15-3, being Burns § 35-1703: "Each local health jurisdiction is a registration district for vital statistics and the local health officer shall be the local registrar."

2. Indiana Code 1971, 16-1-16-6, being Burns § 35-1806: "The local health officer from such birth certificate shall make a permanent record of the name, sex, date of birth, place of birth, name and birthplace of parents, and the date of filing of the certificate of birth which record shall be open to public inspection. Provided, however, that records of the birth of children born illegitimately shall be kept in a separate record and shall not be open to public inspection. Disclosure of illegitimacy of birth or of information from which it can be ascertained may be made only upon order of a court or the judge thereof."

Indiana Code 1971, 16-1-19-3, being Burns § 35-2103: "The records and files of the division of the state board of health concerning vital statistics are subject to the provisions of this act and regulations of the state board; data therein contained may be disclosed only as follows:

the jurisdiction of the trial court over the district officer resulted in jurisdiction over the State Board of Health such as would support the issuance of this disclosure order. How many layers of administrative authority must one grapple with and overcome prior to obtaining information equally accessible to each layer? I would say one suffices.

2. The petitioners have failed in their burden of demonstrating that the trial court order was void when issued for lack of personal jurisdiction over petitioners. There is no constitutional or statutory command that the trial court serve notice upon the State Board of Health as a condition precedent to issuing it his order to produce information in its custody. Procedural due process, if required in this situation, was granted petitioners when the trial court afforded them a hearing on their motion to expunge the order to disclose. This hearing was held subsequent to receipt by them of the order to disclose. The order of the trial court denying this motion to expunge stands appealable but unappealed.

3. The Legislature in these statutes did not consider the proceeding to be held by a trial court to be adversary in nature. Judges are assigned as the custodians of all illegitimate birth records. The State Board of Health is merely the physical custodian of illegitimate birth records. No interest of the State in non-disclosure of such records after court ordered

"1. Disclosure of illegitimacy of birth or of information from which it can be ascertained, may be made only upon order of a court or the judge thereof.

"2. The state registrar shall permit inspection of the records or issue a certified copy of a certificate or part thereof if he is satisfied that the applicant therefore has a direct interest in the matter recorded and that the information therein contained is necessary for the determination of personal or property rights. His decision shall be subject, however, to review by the board or a court under the limitations of this section.

"3. The board may permit the use of data contained in vital statistical records for research purposes only, but no identifying use thereof shall be made.

"4. In an extraordinary case wherein the state registrar has satisfied himself that a direct tangible and legitimate public interest is subserved."

production is specifically stated or implied in the statutes. No prior notice is required to be given to the physical custodian of the records. Clearly the State of Indiana would have included the requirement of prior notice in the statute if it had deemed a formal proceeding necessary to the interests intended to be protected by this statute. These statutes require nothing more than an informed decision by a trial court, upon whose wisdom, experience and knowledge of the law and vital interests involved, the Legislature obviously intended to rely in these matters. In this regard, the proceeding contemplated in these statutes should be summary and inexpensive. It should be even less formally structured than the hearing held by a circuit judge or mayor who seeks to remove a member of a local welfare board under the authority of IC 1971, 12-1-3-2, being Burns § 52-1118, recently considered by the Court in *State ex rel. Sedam* v. *Ripley Circuit Court* (1973), 301 N. E. 2d 185.

NOTE.—Reported in 304 N. E. 2d 777.