STATE of Indiana, On the relation of PEBBLECREEK, INC., An Indiana Corporation, Robert E. Harris, and Catherine L. Harris, Relators,

v.

CLARK CIRCUIT COURT and Harry S. Paynter, As Special Judge thereof, Respondents.

No. 1281S369.

Supreme Court of Indiana.

Aug. 24, 1982.

Robert E. Harris, Jeffersonville, for relators.

Joseph E. DeGroff, Martha S. Hollingsworth, Donald L. Jackson, Indianapolis, for defendant-Continental Mortgage Investors.

DeBRULER, Justice.

This is an original action for a writ of mandamus to invoke the provisions of Ind. Code § 23–1–11–14 which provides as follows:

"If any foreign corporation shall transact business in this state without procuring a certificate of admission or if a certificate has been procured, after its certificate has been withdrawn or revoked, or shall transact any business not authorized by such certificate, *such corporation shall not be entitled to maintain any suit or action at law or in equity upon any claim, legal or equitable, whether arising out of contract or tort, in any court in this state.*" (Emphasis added.)

Relators, plaintiffs in an action below, which resulted in a judgment against them upon counterclaims of several foreign business entities, sought relief from such judgment by means of a motion to set aside judgment pursuant to Ind.R.Tr.P. 60 and to dismiss pursuant to Ind.Code § 23–1–11–14. This motion was denied on December 30, 1980.

 The jurisdictional claim upon which relators predicate this original action is the same one addressed to the trial court in their Trial Rule 60 motion, which was denied on December 30, 1980, namely, that the defendant business entities were uncertificated foreign corporations. The order denying that motion was a final judgment and was appealable. Ind.R.Tr.P. 60(C). Relators chose next to address a motion to set aside the order to the trial court, which was noted overruled in an entry dated March 18, 1981. Relators first presented their petition for extraordinary relief to this Court in October, 1981, requesting that a writ be issued commanding respondent court to set aside its judgments against relators and to dismiss the counterclaims underpinning them. A temporary writ was denied.

Pursuant to Ind.R.O.A. 2(C) the jurisdiction of this Court to grant extraordinary equitable relief may not be successfully invoked where a remedy by way of appeal is full and adequate. Ind.R.O.A. 3(A)(6); *State ex rel. Crumpacker v. LaPorte Circuit Court,* (1975) 264 Ind. 27, 338 N.E.2d 261. In general, the appeal rights afforded by Trial Rule 60(C) are adequate and bar access to this Court for extraordinary relief. *State ex rel. Janesville Auto v. Superior Court of Porter County,* (1979) Ind., 387 N.E.2d 1330. The petition before us does not disclose that the remedy available to relators by appeal was inadequate as an avenue for enforcing any entitlement arising from the above statute. The mere fact that the statute operates as a limitation upon court jurisdiction is insufficient to do so. *State ex rel. Crumpacker v. LaPorte Circuit Court, supra.* To permit relators to invoke our original action jurisdiction under these circumstances would be to sanction the use of an original action as a substitute for an appeal contrary to governing principles.

The permanent writ is denied.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.