STATE of Indiana, On the relation of Stephen GOLDSMITH, Prosecuting Attorney For the Nineteenth Judicial Circuit, Relator,

v.

The SUPERIOR COURT OF MARION COUNTY, CRIMINAL DIVISION, ROOM NO. FOUR, and the Honorable Patricia J. Gifford, as Judge Thereof, Respondents.

No. 783S251.

Supreme Court of Indiana.

May 25, 1984.

Linley E. Pearson, Atty. Gen., Stephen Goldsmith, Pros. Atty., Indianapolis, Ind., for relator.

Susan K. Carpenter, Public Defender, Melanie C. Conour, Deputy Public Defender, Indianapolis, for respondents.

PRENTICE, Justice.

This is an original action in which Relator has petitioned for a writ of mandamus requiring the respondent judge to sentence a defendant, Larry D. Tutson, to a term of imprisonment to be served consecutively to a term imposed in another action rather than concurrently therewith, as provided.

On July 20, 1981, Information No. 240A was filed against Tutson. He was arrested but subsequently released on bond on July 27, 1981. While at liberty thereon, on October 24, 1981, Tutson was arrested for another offense, Information No. 208D, committed on or about October 24, 1981, and on November 16, 1981, he was again released on bond.

Plea negotiations ensued in both cases which were pending before different judges, and an agreement was reached in Cause No. 240A on March 12, 1982 and on March 19, 1982 in Cause No. 208D pending in the Respondent Court. Each agreement provided for a guilty plea and the imposition of a sentence to run consecutively to the sentence imposed pursuant to the other agreement. Ultimately, Tutson was sentenced to four years imprisonment in Cause No. 208D and to a consecutive term of two years in Cause No. 240A.

Tutson filed a Post Conviction Rule 1 petition on March 11, 1983 and an amended petition on March 18, 1983 seeking to withdraw his guilty plea in Cause No. 208D for the reason that it had been entered under the erroneous belief that Ind.Code § 35–50–1–2 mandated that his sentence thereunder be served consecutively to his sentence under No. 240A.

Plea negotiations again ensued, and the Prosecutor (Relator) and Tutson agreed that Tutson would withdraw the petition and amended petition and would again enter a plea of guilty in Cause No. 208D and that the Relator would again recommend a sentence of four years, to be executed, but that no recommendation would be made with respect to whether said sentence would be served consecutively or concurrently to the sentence imposed in Cause No. 240A.

The parties appeared before the trial court and submitted the agreements. At this point the record becomes very confusing, as the parties and the court appear to be proceeding simultaneously in both the post-conviction proceedings and a resentencing in Cause No. 208D. After the Respondent Judge announced: "We are here in a hearing on Amended Post Conviction Relief Petition having been filed[,]" all proceeded as if the prayer of the petition had been granted. Limited plea advisements were then given, and the proceedings then became one of resentencing Tutson.

Arguments of Counsel were heard. The Relator contended that the court, under the statute had no discretion to order the sen-

tence to be served concurrently with another, and Tutson's counsel argued that such discretion was authorized by *Haggard v. State,* (1983) Ind., 445 N.E.2d 969. The proceedings concluded with an order of commitment for four years, "to run concurrently with sentence imposed in CR81–240A." A motion to correct errors challenging the court's "jurisdiction" to order a concurrent term was summarily overruled, and the pending Petition for Alternative Writ of Mandate was filed.

■ The writ of mandamus is an extraordinary remedy, viewed with extreme disfavor. *State ex rel. Pebblecreek v. Clark Circuit Court,* (1982) Ind., 438 N.E.2d 984, 985; *State ex rel. Cross v. Lake Superior Court,* (1979) 272 Ind. 141, 142, 396 N.E.2d 125, 126. As a general rule, the relator must have a clear and unquestioned right to relief before mandamus may be invoked, *State ex rel. Gibson General Hospital v. Warrick Circuit Court,* (1966) 247 Ind. 240, 243, 214 N.E.2d 655, 657, and the respondent must have failed to "perform a clear, absolute, and imperative duty imposed by law." *State ex rel. City of South Bend v. Court of Appeals of Indiana,* (1980) 273 Ind. 551, 406 N.E.2d 244, 246. Further, this remedy is not available when a relator can otherwise obtain relief by direct appeal. O.A. Rules 2(C), 3(A)(6); *State ex rel. Pebblecreek v. Clark Circuit Court,* 438 N.E.2d at 985; *State ex rel. Brumfield v. Perry Circuit Court,* (1981) Ind., 426 N.E.2d 692, 695.

■ Despite the confused state of the record of the Respondent court proceedings, it is clear that the Relator has attempted to circumvent the appeals process. Without intimating an opinion as to whether the State may appeal a sentencing error, notwithstanding the limitations of Ind.Code § 35–1–47–2 (Burns Supp.1982), *State v. Palmer,* (1979) 270 Ind. 493, 386 N.E.2d 946, post conviction proceedings are civil, and P.C. Rule 1, § 7 expressly provides for an appeal by either the petitioner or the State. *State v. Lawson,* (1980) 272 Ind. 541, 542, 400 N.E.2d 128, 129. In either event, an appeal should have been filed with the Court of Appeals and a petition to transfer and advance filed under Appellate Rules 4(A)(10) and 15(M), if the Relator regarded the central issue of sufficient public importance to warrant such treatment.

It cannot be said that Relator had no remedy by way of appeal when it deliberately engaged in a scenario apparently designed to preclude an appeal. The plea agreement providing for the withdrawal of the post conviction petition was tantamount to an agreement that Tutson was entitled to be resentenced, and we view the proceedings as a grant of post conviction relief from which no appeal was taken.

■ Subsequent to the preliminary oral presentation of the writ petition and our tentative ruling that the writ would not be granted, for the reasons herein before set forth, Relator submitted a supplemental plea for an advisory written decision upon the issue of whether the trial court erred in ordering concurrent sentences. We do not provide advisory opinions. *City of Indianapolis, for and on Behalf of its City-County Council of City of Indianapolis and Marion Co. v. Indiana State Board of Tax Commissioners,* (1974) 261 Ind. 635, 637, 308 N.E.2d 868, 869; *State ex rel. Ely v. Allen Circuit Court,* (1973) 261 Ind. 419, 423, 304 N.E.2d 777, 780.

The Writ is denied. The request for an advisory opinion is denied.

GIVAN, C.J., and HUNTER, DeBRULER and PIVARNIK, JJ., concur.