BOWLES, PRICE ADMINISTRATOR *v.* HECKMAN, ET AL.

[No. 28,152.   Filed January 24, 1946.]

*Arthur G. 'Silverman*, of Washington, D. C., and *Addison M. Dowling, John J. Gould, John E. Scott* and *George H. Kistler*, all of Indianapolis, for appellant.

*William T. O'Neal*, of Spencer, for appellees.

GILKISON, J.—The plaintiff, as Administrator of the Office of Price Administration of the United States, brought this action in two paragraphs, against the defendants in the court below. In the first paragraph plaintiff seeks to recover judgment for a penalty, in favor of the United States, for the alleged sale of potatoes by the defendants in excess of the maximum price established by the O.P.A. In the second paragraph he seeks to have the defendants enjoined from further violations of said regulations.

The defendants filed their written motion to dismiss the action for the reason: "That the Owen Circuit Court does not have jurisdiction of the subject matter therein contained." From the action of the trial court, sustaining defendants' motion, the plaintiff appeals. The appeal therefore presents the single question: Does the trial court have jurisdiction of the subject matter

of the action? This opinion is addressed solely to that question.

The general statute of the United States covering the matter of jurisdiction in such cases, in effect since 1789 in one form or another, reads as follows:

> "The district courts shall have original jurisdiction as follows: . . .
>
> "(9) Penalties and forfeitures. Ninth. Of all suits and proceedings for the enforcement of penalties and forfeitures incurred under any law of the United States."
>
> 28 U.S.C.A. Judicial Code § 41.

If nothing else appeared this section would apply and would be controlling in this case. *Helwig* v. *United States*, 188 U. S. 605, 47 L. Ed. 614, 23 S. Ct. 427. However, by an Act of Congress, approved January 30, 1942, and amended June 30, 1944, and being the Emergency Control Act under which this suit is founded, among other things, it is provided in Section 205 thereof, as follows:

> "(c) The district courts shall have jurisdiction of criminal proceedings for violations of section 4 of this Act, and, concurrently with State and Territorial courts, of all other proceedings under section 205 of this Act . . . Provided, however, that all suits under subsection (e) of this section shall be brought in the district or county in which the defendant resides or has a place of business, an office, or an agent."
>
> Emergency Control Act 1942, Subsection (c) § 205 U. S. Code Cong. Ser. 77 Cong. 2d Session 1942, Ch. 26 p. 32; 28 U.S.C.A. § 346.
>
> Amendments to § 205 of Emergency Price Control Act of 1942 § 108 (a) U. S. Code Cong. Ser. 78 Cong. 2d Session 1944, Ch. 325, Pub. 383; U.S.C.A. Appendix § 925, approved June 30, 1944.

The first paragraph of the complaint is brought to collect a penalty for an alleged infraction of the provisions of said subsection (e).

Since the above quoted statute was enacted long after the general jurisdiction statute first quoted, it constitutes an exception to that statute, by granting concurrent jurisdiciton to the appropriate state courts in actions brought under said subsection (e).

This brings us to a consideration of the question whether an Indiana Circuit Court can accept the jurisdiction thus offered, and also whether it may refuse to do so.

Art. 7, § 8 Indiana Constitution (Burns' 1933, Vol. 1, p. 88) provides:

> "The Circuit Courts shall each consist of one Judge, and shall have such civil and criminal jurisdiction as may be prescribed by law."

The General Assembly has fixed the jurisdiction of a circuit court, so far as applicable to this action, thus:

> "Said court shall have original exclusive jurisdiction in all cases at law and in equity whatsoever, and in criminal cases and actions for divorce, except where exclusive or concurrent jurisdiction is or may be conferred by law upon justices of the peace. . . .; and it shall have jurisdiction of all other causes, matters and proceedings where exclusive jurisdiction thereof is not conferred by law upon some other court, board or officer."
> § 4-303, Burns' 1933.

*Royal Ins. Co.* v. *Stewart* (1921), 190 Ind. 444, 455, 129 N. E. 853.

It thus appears that the court below was invested with complete jurisdiction, by law, to try the case presented to it by the plaintiff. A more serious question now presented is, since this is an action by the Federal

Government to collect a penalty for the alleged infraction of one of its laws, does the state court have jurisdiction?

There are many cases holding in substance that penal statutes will not be enforced in jurisdictions other than those in which they are enacted. This principle is well stated by Chief Justice Marshall in *The Antelope* (1825), 23 U. S., (10 Wheat.) 66, as follows:

> "The courts of no country execute the penal laws of another."

See also *Bradford Electric Light Co.* v. *Clapper* (1931), 286 U. S. 145, 160, 76 L. Ed. 1026; 52 S. Ct. 571, 82 A. L. R. 696; *State* v. *Volpe* (1931), 113 Conn. 288, 155 A. 223, 76 A. L. R. 1083, 1087; *Cristilly* v. *Warner* (1913), 87 Conn. 461, 88 A. 711; 51 L. R. A. (N. S.) 415, 416; *Galveston H. & S. A. R. Co.* v. *Wallace* (1911), 223 U. S. 481, 489, 56 L. Ed. 516, 522, 523, 32 S. Ct. 205; *Huntington* v. *Attrill* (1892), 146 U. S. 657, 666, 36 L. Ed. 1123, 13 S. Ct. 224, *Wisconsin* v. *Pelican Ins. Co.* (1888), 127 U. S. 265, 32 L. Ed. 239, 8 S. Ct. 1370, 25 A. L. R. 1435 (n.).

And also by Mr. Justice Story in *Houston* v. *Moore* (1820), 18 U. S. (5 Wheat.) 1:

> ". . . that no nation is bound to enforce the penal laws of another within its own dominions. The authority naturally belongs, and is confided, to the tribunals of the nation creating the offenses. . . ."

Generally, it has been held that a state will not enforce a penal statute of a sister state. *Huntington* v. *Attrill, supra; Ferguson* v. *Ross* (C. C.), 38 F. 161, 3 L. R. A. 322; *Wisconsin* v. *Pelican Ins. Co., supra.*

However, in a later case, *Fauntleroy* v. *Lum* (1907), 210 U. S. 230, 52 L. Ed. 1039, 28 S. Ct. 641, Mr. Justice Holmes, speaking for the majority

of the court, said that what had been said in *Wisconsin* v. *Pelican Ins. Co.*, *supra*, to the effect that the original claim upon which a judgment was based, might be looked into in a suit on a judgment taken in another state was "only a dictum and it is not worth while to spend much time upon it." This case has been further explained in *Milwaukee County* v. *White Company* (1935), 296 U. S. 268, 80 L. Ed. 220, 56 S. Ct. 229. However, no case has in any manner disturbed the ancient rule that "the courts of no country execute the penal laws of another" and this rule applies in the international sense so that no state will enforce the penal laws of another state. Assuming as we must that a state will not enforce a penal statute of another state, does it follow that a state court will not entertain jurisdiction of an action by the Federal Government to recover a penalty provided by a Federal Statute?

In *Claflin* v. *Houseman, Assignee* (1876), 93 U. S. 130, 136, 23 L. Ed. 833, 838, Mr. Justice Bradley, in affirming a judgment authorizing an assignee in bankruptcy to sue in a state court to recover assets of the estate of the bankrupt, reasoned thus:

"The laws of the United States are laws of the several States, and just as much binding on the citizens and courts thereof as the State laws are. The United States is not a foreign sovereignty as regards the several States, but is a concurrent and, within its jurisdiction, paramount sovereignty. Every citizen of a state is a subject of two distinct sovereignties, having concurrent jurisdiction in the State,—concurrent as to place and persons, though distinct as to subject-matter. Legal or equitable rights, acquired under either system of laws, may be enforced in any court of either sovereignty competent to hear and determine such kind of rights and not restrained by its Constitution in the exercise of such jurisdiction. Thus, a legal or equitable

right acquired under State laws, may be prosecuted in the State Courts, and also, if the parties reside in different States, in the Federal Courts. So rights, whether legal or equitable, acquired under the laws of the United States, may be prosecuted in the United States courts, or in the State courts, competent to decide rights of the like character and class; subject, however, to this qualification, that where a right arises under a law of the United States Congress may, if it sees fit, give to the Federal courts exclusive jurisdiction. . . . If an act of Congress gives a penalty to a party aggrieved, without specifying a remedy for its enforcement, there is no reason why it should not be enforced, if not provided otherwise by some act of Congress, by a proper action in a State court. The fact that a State court derives its existence and functions from the State laws is no reason why it should not afford relief; because it is subject also to the laws of the United States, and is just as much bound to recognize these as operative within the State as it is to recognize the State laws. The two together form one system of jurisprudence, which constitutes the law of the land for the State; and the courts of the two jurisdictions are not foreign to each other, nor to be treated by each other as such, but as courts of the same country, having jurisdiction partly different and partly concurrent. The disposition to regard the laws of the United States as emanating from a foreign jurisdiction is founded on erroneous views of the nature and relations of the State and Federal Governments. It is often the cause or the consequence of an unjustifiable jealousy of the United States Government, which has been the occasion of disastrous evils to the country."

Later in *Mondou* v. *N. Y., N. H. & H. R. Co.* (1911), 223 U. S. 1, 56, 57, 58, 56 L. Ed. 327, 349, 32 S. Ct. 169, in deciding that state courts had jurisdiction and a duty to try and determine actions brought therein under the Federal Employers' Liability Law of 1908, Mr. Justice Vandeventer, speaking

for the court, quoted from *Claflin* v. *Houseman, supra,* and further said:

". . . we deem it well to observe that there is not here involved any attempt by Congress to enlarge or regulate the jurisdiction of state courts or to control or affect their modes of procedure, but only a question of the duty of such a court, when its ordinary jurisdiction as prescribed by local laws is appropriate to the occasion and is invoked in conformity with those laws, to take cognizance of an action to enforce a right of civil recovery arising under the act of Congress and susceptible of adjudication according to the prevailing rules of procedure. . . .

"The suggestion that the act of Congress is not in harmony with the policy of the State, and therefore that the courts of the State are free to decline jurisdiction, is quite inadmissible, because it presupposes what in legal contemplation does not exist. When Congress, in the exertion of the power confided to it by the Constitution, adopted that act, it spoke for all the people and all the States, and thereby established a policy for all. That policy is as much the policy of Connecticut as if the act had emanated from its own legislature, and should be respected accordingly in the courts of the State. . . .

". . . The existence of the jurisdiction creates an implication of duty to exercise it, and that its exercise may be onerous does not militate against that implication. Besides, it is neither new nor unusual in judicial proceedings to apply different rules of law to different situations and subjects, even although possessing some elements of similarity, as where the liability of a public carrier for personal injuries turns upon whether the injured person was a passenger, an employee, or a stranger. But it never has been supposed that courts are at liberty to decline cognizance of cases of a particular class merely because the rules of law to be applied in their adjudication are unlike those applied in other cases.

"We conclude that rights arising under the act in question may be enforced, as of right, in the

courts of the States when their jurisdiction, as prescribed by local laws, is adequate to the occasion."

It is true the cases of *Claflin* v. *Houseman, supra,* and *Mondou* v. *N. Y., N. H. & H. R. Co., supra,* are not wholly in point, for neither was an action brought by the Federal Government, and neither was for the collection of a penalty. However, each case lays down the rule that the Federal and State governments are not foreign to each other, but are concurrent, the Federal government being paramount. This, it seems, compels the conclusion that the rule that the courts of one state will not enforce the penal statutes of another state, does not apply as between a state and the United States. It compels the further conclusion that if the jurisdiction of a state court is adequate to try and fully determine the issue presented, it may not refuse to do so, because the plaintiff is in fact the Federal Government. The Federal Government is not a foreign government.

In this connection, the Constitution of the United States provides:

"The Constitution of the United States, the laws made in pursuance thereof, and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, any thing in the constitution or laws of any state to the contrary notwithstanding." Art. 6, § 2 U. S. Constitution.

Section 1-101, Burns' 1933, providing among other things, as follows:

"The law governing this state is declared to be: First, The Constitution of the United States and of this state. . . . Third. All statutes of the United States in force, and relating to subjects over which

Congress has power to legislate for the states, and not inconsistent with the Constitution of the United States. . . ."

is therefore, largely declaratory of Indiana's recognition of Art. 6, § 2, supra, as the supreme law of the state, binding upon all state judges, and likewise of the harmonious relation existing in the jurisdictions of the State and Federal courts.

The jurisdiction of the Owen Circuit Court as prescribed by the laws of the State of Indiana is adequate to try and fully determine the action ■ presented by the plaintiff. The jurisdiction in the cause is not reserved wholly to the Federal Courts, but is expressly made concurrent with the state courts. It is, therefore, the duty of the court below to proceed to hear and determine the case.

The cause is reversed with instructions to the lower court to overrule defendants' motion to dismiss the action for want of jurisdiction.

Note.—Reported in 64 N. E. (2d) 660.