Per Curiam.

This is an action by the Price Administrator under subdivision (e) of section 205 of the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 925, subd. [e]), to recover treble the amount by which the consideration paid by a purchaser of a Mack tractor for commercial use exceeded the applicable maximum price. Delivery was completed on May 18, 1943. The action was commenced May 17, j 944. Pending the trial the statute involved was amended by the Federal Stabilization Extension Act of 1944 (58 U. S. Stat. 640, § 108, subds. [b], [c]), the amendments being made applicable to all pending actions wherein the Price Administrator was plaintiff. It was conceded that the amount of the overcharge was $1,675.24. The trial court found that the violation of the price schedule by defendant was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation, but dismissed the complaint on the ground that the court had no jurisdiction over the subject matter of the action.
The action is one to recover a penalty incurred under the laws of the United States. (Bowles v. Farmers Nat. Bank of Lebanon, Ky., 147 F. 2d 425; Bowles v. Heckman,-Ind.-, 64 N. E. 2d 660.) However, section 256 of the Federal Judicial Code (U. S. Code, tit. 28, § 371) vesting exclusive jurisdiction of such suits in the Federal district courts must be deemed to have been modified pro tanto by subdivisions (c) and (e) of section 205 of the Emergency Price Control Act, the authority granted in those subdivisions to bring the action in the State courts as well as in the Federal courts operating as an implied legislative amendment to the prior enactment of the Judicial Code. (Bowles v. Willingham, 321 U. S. 503, 510, 512; Charlotte National Bank v. Morgan, 132 U. S. 141, 144; Lees v. United States, 150 U. S. 476, 478.)
Even though Congress has provided that State and terri(torial courts have concurrent jurisdiction with United States district courts of all civil proceedings under section 205 of the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 925), the courts of this State cannot be compelled to take *544 jurisdiction of this action. (Huntington v. Attrill, 146 U. S. 657, 672.) We are asked to decline jurisdiction on the ground that “ The courts of no country execute the penal laws of another ® * V’ (The Antelope, 10 Wheat. 66, 123.) The United States is “ another ” country in relation to this State within the meaning of that rule. (United States v. Lanza, 260 U. S. 377, 382; Tennessee v. Davis, 100 U. S. 257, 262.) But the present action is not one in execution of the “ penal ” laws of the United States within the meaning of that doctrine. “ Penal,” as used in the sense of the conflict of laws, embraces only criminal laws. (Huntington v. Attrill, supra, pp. 667, 673-674, 676, 681; Loucks v. Standard Oil Co., 224 N. Y. 99; 1 Kent’s Commentaries [14th ed.], 537; Leflar on Extrastate Enforcement of Penal and Governmental Claims, 46 Harv. L. Rev. 193, 202,225.)' This action is not “ penal ” in that sense. It is not “ designed as atonement for a crime.” (Loucks v. Standard Oil Co., supra, p. 105.) „ It is a civil right of action to recover a sum by way of indemnity to the public for the injury suffered by reason of the violation of the statute, the measure of liability being fixed therein. The violation of the statute entailed a civil liability for failure to perform a duty which, in the opinion of Congress, the public weal demanded should be performed. (Loucks v. Standard Oil Co., supra, p. 105; People v. Briggs, 114 N. Y. 56, 65; Tenement House Department v. McDevitt, 215 N. Y. 160, 168-169; C., B. & Q. Ry. v. United States, 220 U. S. 559, 570.) United States v. Lathrop (17 Johns. 4), relied on by the trial court, was an action in aid of the enforcement of the criminal law of the United States. The present action does not fall within that category. The Supreme Court of this State, having jurisdiction to enforce a right such as is here involved, there is an implication of duty to exercise it. (Second Employers’ Liability Cases, 223 U. S. 1, 58.)
The Statute of Limitations is not a defense under either the original or amended act. (Schreffler v. Bowles, 153 F. 2d 1, .certiorari denied 328 U. S. 870; Stark v. Kew Gardens Hills Housing Associates, 183 Misc. 650.)
The order granting defendant’s motion to dismiss the complaint, and the judgment entered thereon should be reversed on the law, without costs, and the motion denied. Plaintiff’s motion for judgment should be granted, and judgment directed in favor of plaintiff in the sum of $1,675.24, with costs.
Hagarty, Acting P. J., Carswell, Johustou, Adel and Nolah, JJ., concur.
*545 Order granting defendant’s motion to dismiss the complaint, and the judgment entered thereon, reversed on the law, without costs, and the motion denied. The plaintiff’s motion for judgment is granted, and judgment is directed in his favor for $1,675.24, with costs.