Paul W. GREEN, III, et al., Plaintiffs,

v.

Frank KLINKOFE et al., Defendants.

Civ. No. F 76–118.

United States District Court,
N. D. Indiana,
Fort Wayne Division.

Nov. 15, 1976.

Solomon L. Lowenstein, Jr., Legal Services Program, Richard L. Williams, Fort Wayne, Ind., for plaintiffs.

Harry W. Scott, Fort Wayne, Ind., Theodore L. Sendak, Atty. Gen., Herbert L. Allison, Indianapolis, Ind., for defendants.

## MEMORANDUM OF DECISION AND ORDER

ESCHBACH, Chief Judge.

This cause is before the court on plaintiff's motion for a temporary restraining order.[1] For the reasons given below, this motion will be denied and the cause will be dismissed for lack of subject matter jurisdiction.

In this claim under 42 U.S.C. § 1983, the plaintiff, in the name of a prospective class,[2] contends that the provisions of the Indiana Gross Income Tax Act which authorize the tax collectors to levy upon the property of delinquent taxpayers without benefit of a hearing or an adjudication of tax liability, Ind. Code § 6–2–1–18 (Burns 1972),[3] violate the due process and equal protection clauses of the Fourteenth

1. This court met in chambers informally with counsel for all parties on November 5, 1976, to consider this motion. Those attorneys pursuing the immediate tax collection efforts on behalf of the State of Indiana informally agreed to continue the currently scheduled proceedings supplementary in the state court until this court rules on the motion for temporary restraining order, which ruling was promised within ten days.

2. The purported class, consisting of indigent persons subject to levy of the tax without hearing, need not be certified where, as here, the action is dismissed for want of jurisdiction.

See 3B Moore's Federal Practice ¶ 23.80[3] (1974).

3. Ind. Code § 6–2–1–18(a) in pertinent part provides:

If any tax, penalties, or interest, or any proportion thereof, imposed by this chapter and demanded by the department be not paid within thirty days after the same is found to be due and within the ten days after the demand provided for in section 12(a) of this chapter, the department shall issue a warrant under its official seal, directed to the sheriff of any county of the state, commanding him to levy upon and sell the real and personal

Amendment. Jurisdiction is premised on 28 U.S.C. § 1343(3). The plaintiff seeks a temporary restraining order and a permanent injunction on behalf of the class, as well as declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. The court concludes that, by reason of the Tax Injunction Act of 1937, 28 U.S.C. § 1341,[4] it lacks jurisdiction over this action.[5]

## I.

The named plaintiff is a resident of Allen County, Indiana. He has failed to pay the tax which has allegedly been assessed against him under the Indiana Gross Income Tax Act, Ind. Code §§ 6–2–1–1 to 6–2–1–36 (Burns 1972), *as amended,* Ind. Code §§ 6–2–1–1 to 6–2–1–14 (Burns Supp. 1976).[6] The plaintiff claims that he is un-

property of the person owing said tax, found within his county, for the payment of the amount thereof, with damages to the amount of ten per cent of the tax, in addition to the penalties imposed for failure to make a return, and in addition to the penalties imposed under section 11 of this chapter, and interest, and costs of executing the warrant, and to return such warrant to the department and pay to it the money collected by virtue thereof, by a time to be therein specified, not more than sixty days from the date of the warrant . . . . . The sheriff shall, within five days after the receipt of the warrant, file a copy thereof with the clerk of the circuit court of his county, and thereupon the clerk shall enter in the judgment record, in the column for judgment debtors, the name of the taxpayer mentioned in the warrant, and in the appropriate columns, the amount of the tax or portion thereof, and damages, for which the warrant is issued, and the day when such copy is filed; and thereupon the amount of such warrant so docketed shall become a lien upon the title to and interest in real and personal property, including choses in action except negotiable instruments not past due, of the person against whom it is issued in the same manner as a judgment duly enrolled in the office of such clerk. The judgments shall remain in full force and effect for a period of ten years from the date of recording unless paid or satisfied prior to the expiration of said ten years and shall bear interest at the rate provided for in section 11 of this chapter. Such judgments may be renewed by the department of revenue by issuing an alias renewal warrant and filing same with the clerk. The sheriff shall immediately upon the recording of a warrant levy upon any property of the taxpayer, including negotiable instruments, in all respects with like effect, and in the manner prescribed by law in respect to executions issued against property upon judgments or attachment proceedings of a court of record, and the remedies by garnishment and proceedings supplementary shall apply. The sheriff shall levy on choses in action by serving notice of the levy upon the debtor of the taxpayer and any payment made to the sheriff by the debtor thereafter upon the chose in action shall constitute a

discharge of the chose in action to the extent of the payment. . . . The liability for any tax, interest, penalties and damages imposed by this act shall not be subject to any of the provisions of the exemption laws of the state of Indiana for the relief of debtors.

. . . .

4. 28 U.S.C. § 1341 states:

The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

5. Invoking 28 U.S.C. §§ 2281 and 2284, the plaintiff requests that a three-judge district court be convened to rule on his demand for an injunction. However, Section 2281 was repealed, and Section 2284 substantially amended by the Three-Judge Court Act of 1976. Pub.L. 94–381, 94th Cong., 2d Sess. (1976). The Act took effect on August 12, 1976; this action was filed on October 27, 1976. Henceforth, three-judge courts need be convened only in limited circumstances, such as in reapportionment matters and in certain Civil Rights Act cases. In a case such as this, a single district judge may completely dispose of the action.

6. In an informal meeting with counsel for all sides on November 5, 1976, counsel for the State of Indiana indicated that the statute under attack, the Indiana Gross Income Tax Act, was not in fact the basis for the assessment against the named plaintiff. The State claims that the assessment was made pursuant to the Adjusted Gross Income Tax Act, Ind. Code §§ 6–3–1–1 to 6–3–7–4 (Burns 1972), as amended, Ind. Code §§ 6–3–1–3.1 to 6–3.5–3–13 (Burns Supp.1976). If the State is correct in this contention, the named plaintiff would lack standing to bring this action. Moreover, from the standpoint of procedural due process the two taxing statutes appear markedly different. However, given the present state of the pleadings, and in view of the court's disposition of this case, this court need not reach these issues.

able to pay this tax;[7] he alleges also that he has previously paid the tax assessed.

The Indiana Gross Income Tax Act is a keystone of the taxing structure of the State of Indiana. The tax is assessed broadly upon wages, business and other receipts, and many other forms of income. The statute provides that any deficiency shall be paid upon notice and demand from the Gross Income Tax Division and imposes a penalty for nonpayment. See Ind. Code § 6–2–1–16(c) & (f) (Burns 1972). If no return is filed, or payment is not made when due, the taxpayer is notified that he must file a return or pay within ten days. The tax collectors themselves may compute a return and demand payment. If, within ten days after demand, payment is not made, the challenged provisions are brought into play. See Ind. Code § 6–2–1–16(g) (Burns 1972).

The defendants are the Administrator of the Gross Income Tax Division, the Division itself, the Sheriff of Allen County, and the Clerk of Allen County. It is alleged that pursuant to Ind. Code § 6–2–1–18(a), two warrants for the collection of tax were issued by the Indiana Department of Revenue against the named plaintiff. These warrants were filed in the Office of the Clerk of Allen County, Indiana, and entered in the judgment docket of the Allen Circuit Court. These actions were taken without a hearing of any kind. Under the statutory provision which is challenged the sheriff is directed, upon recording of the tax warrant, to levy upon any property of the taxpayer. See Ind. Code § 6–2–1–18(a) (Burns 1972).

The plaintiff claims that he has been denied procedural due process of law in that no hearing was provided prior to issuance of the tax warrant or the entry of judgment. He claims also that there is a denial of equal protection in that debtors to the State of Indiana, unlike those indebted to private parties, are denied a hearing prior to the entry of judgment. Plaintiff claims injury in that such judgments will remain in force

without any opportunity to be heard; that the judgments will adversely affect his credit rating and employment opportunities; that the judgments will bear annual interest until payment in full is made; and that, since execution could be made at any time against the debtor's personal property, without benefit of the Indiana laws for the relief of debtors, expressly made inapplicable under Ind. Code § 6–2–1–18(a) (Burns 1972), the plaintiff could at any time be deprived of all his "worldly goods" without an opportunity to be heard.

The plaintiff seeks a declaration that Ind. Code § 6–2–1–18(a) is unconstitutional. He asks that the Gross Income Tax Division be enjoined from issuing tax warrants prior to an administrative hearing; that the Sheriff be enjoined from levying upon or selling any of the plaintiff's personal property prior to an administrative hearing; that the defendants be enjoined from levying execution on the judgments docketed against the plaintiff until a complaint is filed in court and reduced to judgment pursuant to the Indiana Rules of Trial Procedure; and that the Clerk of Allen County be enjoined from entering tax warrants in the judgment docket as final judgments.

II.

The plaintiff recognizes and addresses the threshold question of subject matter jurisdiction. Under the Tax Injunction Act, 28 U.S.C. § 1341, it is provided that

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

Where it applies, this statute divests the district court of jurisdiction to issue injunctive relief. It is settled that the jurisdictional bar of this section applies also to actions for declaratory relief. See, e.g., Gray v. Morgan, 371 F.2d 172, 174 (7th Cir.

---

**7.** By order of the court, the named plaintiff has been permitted to prosecute this action in forma pauperis.

1966), *cert. denied,* 386 U.S. 1033, 87 S.Ct. 1484, 18 L.Ed.2d 596 (1967). And it is settled also that the application of the Anti-Injunction Act is not affected by the fact that the suit is based on the Civil Rights Act. *See Miller v. Bauer,* 517 F.2d 27, 29 n.1 (7th Cir. 1975).

The plaintiff argues at the outset that he seeks only to enjoin the "method" by which delinquent taxes are collected, and that the Tax Injunction Act therefore does not apply. However, the Act itself forbids a federal injunction not only against the assessment but also against the "levy or collection" of state taxes. Thus, precisely the relief which plaintiff seeks is precluded by the statute if there is an "adequate" state remedy. *See Kimmey v. H. A. Berkheimer, Inc.,* 376 F.Supp. 49, 54–55 (E.D.Pa.1974), *aff'd,* 511 F.2d 1394 (3d Cir. 1975).[8]

The central issue in this case is whether the Indiana courts offer the plaintiff a "plain, speedy and efficient" remedy. The plaintiff claims that an action for equitable relief is unavailable in the Indiana courts.

*State ex rel. Ind. Dept. of State Revenue v. Marion Circuit Court,* 255 Ind. 501, 265 N.E.2d 241 (1971); *Marhoefer Pkg. Co., Inc. v. Indiana Dept. of State Revenue,* Ind. App., 301 N.E.2d 209 (1973). An appeal from a decision of the Department of State Revenue is not available under the Indiana Administrative Adjudication Act, Ind. Code § 4–22–1–2 (Burns 1974). The exclusive statutory method of obtaining administrative or court review of a tax assessment is through payment and a claim for refund. *See* Ind. Code § 6–2–1–19 (Burns 1972).[9]

The named plaintiff has not made payment, nor has the tax been collected through execution on his property. By reason of his indigency, he claims he is therefore unable to make payment and institute a claim for refund. It has often been held that such a refund procedure is a "plain, speedy and efficient remedy" which must be exhausted prior to invoking the federal courts; this is true despite the fact that constitutional rights are invoked under 42 U.S.C. § 1983. *See e.g., Gray v. Morgan,*

---

8. Plaintiff argues also that the statute is inapplicable since, if Ind. Code § 6–2–1–18(a) is enjoined, there would remain other means of collecting these taxes. Hence, the plaintiff contends that Indiana's "right or authority" to make collection would not be affected. However, to adopt the plaintiff's standard would be effectively to nullify the Anti-Injunction Act, since it would always be possible to conjecture an alternative collection system. The court declines to pursue this line of reasoning.

9. Ind. Code § 6–2–1–19 in pertinent part provides:

(a) If any person considers that he has paid to the department for any year an amount which is in excess of the amount legally due from him for that year under the terms of this act, he may apply to the department, by petition in writing, at any time within three years after the payment for the annual period for which such alleged overpayment has been made, for a correction of the amount so paid by him to the department, and for a refund of the amount which he claims has been illegally collected and paid. In such petition, he shall set forth the amount which he claims should be refunded, and the reasons for such claim. The department shall promptly consider such petition, and may grant such refund in whole or in part, or may wholly deny the same. If denied in whole or in part, the petitioner shall

be forthwith notified of such action of the department, and of its grounds for such denial. The department may in its discretion, grant the petitioner a further hearing with respect to such petition. Any person improperly charged with any tax provided for under the terms of this act, and required to pay the same, may recover any amount thus improperly collected, together with interest, in a civil action or suit against the department in the circuit or superior court of the county of his residence or business location and if he has no such residence or business location, then in the Marion circuit or superior court. The state hereby consents to such suits in said courts and no others and said courts are hereby granted exclusive jurisdiction of said suits . . . .

(b) Either party to such suit shall have the right to appeal, as now provided by law in civil cases. . . .

(d) No injunction to restrain or delay the collection of any tax claimed to be due under the provisions of this act shall be issued by any court, but in all cases in which, for any reason, it be claimed that any such tax about to be collected is wrongful or illegal in whole or in part, the remedy, except as otherwise expressly provided in this act, shall be by payment and action to recover such tax as provided in this section.

371 F.2d 172, 174 (7th Cir. 1966), *cert. denied,* 386 U.S. 1033, 87 S.Ct. 1484, 18 L.Ed.2d 596 (1967). In a recent case, however, the Seventh Circuit has recognized that where a delinquent taxpayer "did not have and could not borrow sufficient funds" to pay the tax, the refund procedure was, in fact, unavailable. *See 28 East Jackson Enterprises, Inc. v. Cullerton,* 523 F.2d 439, 441 (7th Cir. 1975), *cert. denied,* 423 U.S. 1073, 96 S.Ct. 856, 47 L.Ed.2d 83 (1976), *reh. denied,* 424 U.S. 959, 96 S.Ct. 1437, 47 L.Ed.2d 365 (1976).

■ Where, as here, the plaintiff challenges the exclusive statutory remedy as a denial of procedural due process, the concern must be with ensuring that judicial review of the constitutional claim is not denied altogether. If the plaintiff may not raise his due process challenge in state court, he does not have available a "plain, speedy and efficient remedy" within the meaning of 28 U.S.C. § 1341. This view is consistent with the holding in *Cullerton, supra* and the decisions in *Horn v. O'Cheskey,* 378 F.Supp. 1280, 1286–87 (D. N.M. 1974) and *Kimmey v. H. A. Berkheimer, Inc.,* 376 F.Supp. 49 (E.D.Pa.1974), *aff'd,* 511 F.2d 1394 (3d Cir. 1975).

*Horn* involved a procedural due process challenge to the New Mexico jeopardy tax assessment system. The court found that there was an adequate remedy in the New Mexico courts, which could grant equitable relief in extraordinary circumstances. Moreover, New Mexico recognized a concurrent jurisdiction over federal civil rights actions under 42 U.S.C. § 1983. Therefore, any deprivation of procedural due process occasioned by jeopardy assessment and the

plaintiff's inability to obtain a hearing under the statutory scheme could be redressed in the courts of New Mexico. The *Kimmey* court reached a similar conclusion in an action challenging the Pennsylvania tax assessment structure, since the courts of that state were "mandated and empowered to vigorously enforce and protect rights secured by the federal constitution." 376 F.Supp. at 56. And in *Cullerton,* the Seventh Circuit examined the Illinois precedents and found that the plaintiffs' action could be maintained in the courts of that state.[10]

The dispositive issue here, then, is whether relief may be had in the Indiana courts. There can be no doubt whatever that, if the courts of this state assume jurisdiction, the plaintiff's constitutional claims will be accorded a "speedy" and "efficient" hearing.[11] The only question is whether the plaintiff's state court remedy is "plain"—whether the Indiana courts have jurisdiction to entertain this civil rights suit and grant the plaintiff the relief he seeks if he is entitled to such relief.

■ No Indiana appellate decision has been found recognizing that a federal civil rights suit may be maintained in the courts of that state. However, federal law is not foreign to the Indiana courts. *See Bowles v. Heckman,* 224 Ind. 46, 64 N.E.2d 660 (1946). Where Congress has granted concurrent jurisdiction over a federal claim,[12] the Indiana courts of general jurisdiction may take cognizance of it. *Id.* In view of the "harmonious relation" which exists between the state and federal courts, 224 Ind. at 55, 64 N.E.2d at 663, it can only be

---

**10.** The court in *Bland v. McHann,* 463 F.2d 21 (5th Cir. 1972), *cert. denied,* 410 U.S. 966, 93 S.Ct. 1438, 35 L.Ed.2d 700 (1973), came to a similar conclusion. In *Bland,* the court found that an action by blacks alleging racially discriminatory tax assessments was barred by Section 1341. The court held that a Mississippi statute permitting taxpayers to enjoin the collection of taxes "levied or attempted to be collected without authority of law" offered an effective avenue of relief, with review available in the United States Supreme Court. 463 F.2d at 29.

**11.** Since, under Rule 23 of the Indiana Rules of Trial Procedure, a class action may be maintained, relief, if warranted, might be had for all members of the purported class without overlapping, duplicative litigation.

**12.** Jurisdiction over 42 U.S.C. § 1983 is concurrent in the state and federal courts. *See, e.g., Davis v. Towe,* 379 F.Supp. 536 (D.C. Va. 1974); *Luker v. Nelson,* 341 F.Supp. 111 (D.C. Ill. 1972).

assumed that Indiana would entertain the plaintiff's federal claim.

This assumption is not disturbed by recent Indiana cases stressing that the refund procedure is the exclusive remedy provided by the Gross Income Tax statute. In *State ex rel. Ind. Dept. of State Revenue v. Marion Circuit Court,* 255 Ind. 501, 265 N.E.2d 241 (1971), the Supreme Court of Indiana did hold that the state trial courts are without subject matter jurisdiction to "enjoin or restrain" the collection of a tax under the Gross Income Tax Act, 255 Ind. 504, 265 N.E.2d at 243. However, the court was not asked to decide whether the statutory scheme itself might be enjoined if it were found to violate due process. Nor was that question presented in *Marhoefer Pkg. Co., Inc. v. Indiana Dept. of State Revenue,* Ind.App., 301 N.E.2d 209 (1973).

 In Indiana, it is recognized that the Legislature's power to limit the equity jurisdiction of the state courts is constitutionally limited. In *State ex rel. Root v. Circuit Court of Allen County,* 259 Ind. 500, 289 N.E.2d 503 (1972), the court held that the trial court's issuance of a temporary restraining order staying the suspension of a driver's license was beyond the statutory grant and hence void for want of jurisdiction. However, the court observed that the Legislature has authority to limit the injunctive power of the Indiana courts only so "long as it does not prevent parties from obtaining due process in the proceedings created by statute." 259 Ind. at 505, 289 N.E.2d at 506. Hence, an Indiana court may enjoin a statutory scheme made exclusive by statute where that scheme itself violates due process.

 The state courts are open to the constitutional claims pressed by the plaintiff, and the state court determination may be reviewed in the Supreme Court of the United States. The trial courts of Indiana have power to grant all the relief to which the plaintiff may be entitled. Since there exists a "plain, speedy and efficient" avenue of relief, this court lacks jurisdiction under 28 U.S.C. § 1341, and the action must be dismissed.

The decision in this case is dictated by the delicate balance of power between the state and federal courts. "The scrupulous regard for the rightful independence of state governments which should at all times actuate the federal courts, and a proper reluctance to interfere by injunction with their fiscal operations, require that such relief should be denied in every case where the asserted federal right may be preserved without it." *Matthews v. Rodgers,* 284 U.S. 521, 525, 52 S.Ct. 217, 219, 76 L.Ed. 447 (1932).[13] This policy demands that the plaintiff exhaust his other remedies prior to invoking the jurisdiction of the federal courts.[14]

### ORDER

Accordingly, the plaintiff's motion for a temporary restraining order is denied, and this cause is now dismissed for lack of jurisdiction over the subject matter.

---

**13.** *See also Tully v. Griffin Inc.,* —— U.S. ——, 97 S.Ct. 219, 50 L.Ed.2d 227 (1976).

**14.** Nothing herein should be interpreted as intimating that the plaintiff has or has not been denied procedural due process. This court has carefully avoided any judgment on the merits of this claim and expresses no opinion whatever in that regard.