**SACKS BROTHERS LOAN CO., INC.,**
**Plaintiff-Appellant,**

v.

**James F. CUNNINGHAM, etc., et al.,**
**Defendants-Appellees.**

**No. 77–1729.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 23, 1978.

Decided May 24, 1978.

As Modified June 7, 1978.

Richard H. Crokin, Indianapolis, Ind., for plaintiff-appellant.

Sheila S. Suess, Corp. Counsel, City-County Legal Division, Indianapolis, Ind., for defendants-appellees.

Before CUMMINGS, PELL and SPRECHER, Circuit Judges.

1. The district court's opinion noted that plaintiff could seek review before the appropriate Indiana County Board of Review, the State Board of Tax Commissioners, the Circuit or Superior Court of the county in question, with ultimate review in the Indiana Supreme Court and then resort to the Supreme Court of the

PER CURIAM.

Pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983, plaintiff filed this action to attack Center Township, Marion County, Tax Assessor Cunningham's imposition of an Indiana personal property tax on all tangible personal property held in pawn by plaintiff's pawn shop on March 1 during the years 1970 through 1974. The gravamen of the complaint is that this taxation violated plaintiff's rights under the Equal Protection clause of the Fourteenth Amendment because during those years Cunningham allegedly did not assess any personal property tax on tangible personal property held in pawn by the other six pawn shops in Center Township, Marion County, Indiana. In addition to seeking an injunction against Marion County Treasurer Sutton's collection of these taxes in the amount of $44,000, plaintiff sought $65,000 in compensatory damages and $55,000 in punitive damages from defendant Cunningham.

The district court dismissed plaintiff's claim for equitable relief for lack of subject matter jurisdiction and dismissed its complaint against defendant Cunningham for failure to state a claim upon which relief could be granted. In denying injunctive relief, the court relied on the 1937 Tax Injunction Act (28 U.S.C. § 1341) which provides as follows:

> "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

Citing *Miller v. Bauer,* 517 F.2d 27 (7th Cir. 1976) and *Green v. Klinkofe,* 422 F.Supp. 1021 (N.D.Ind.1976), Judge Steckler held that the Tax Injunction Act applied because plaintiff had an available state remedy.[1] As to plaintiff's Section 1983 claim for damages from defendant Cunningham, the dis-

United States. The *Miller* and *Green* decisions were said to support this conclusion.

Sacks Bros. Loan Co. did pursue some of its Indiana remedies but did not appeal from the summary judgment rendered against it in the Marion County Superior Court (R. 64–68, 26, 79, 85).

trict court held it was barred by the two-year statute of limitations provided for injuries to person, character or personal property. Indiana Code 34–1–2–2 First. We affirm as to the Tax Injunction Act and reverse as to the statute of limitations.

## I. The Tax Injunction Act

A starting point in determining whether the state remedies available to the plaintiff are "plain, speedy and efficient" for purposes of Section 1341 is this Court's opinion in *Miller v. Bauer,* 517 F.2d 27 (7th Cir. 1976), which reviewed Indiana's now-repealed statutory scheme for challenging tax assessments [2] and indicated that Indiana's scheme did provide a "plain, speedy and efficient" forum for a constitutional challenge. *Id.* at 32. The essence of plaintiff's position here is that at least as applied to its claim, those Indiana procedures [3] in fact are inadequate because they focus only on the legality of the taxpayer's own assessment without reference to the assessments of others and therefore do not permit an equal protection claim based on discriminatory assessment.

Plaintiff's position, however, is not borne out by Indiana's applicable constitutional and statutory provisions or by its case law. As a general matter, the state constitution mandates an "equal rate of property assessment and taxation" [4] and the legislature has provided that "all tangible property which is subject to assessment shall be assessed on a just . valuation basis and in a uniform and equal manner." [5] Although neither party cited these provisions or cases construing them, it would be unreasonable to assume that the state would establish these rights and then deny judicial review to vindicate them, and our research indicates that such a denial has not taken place. See generally *Indiana State Board of Tax Commissioners v. Lyon & Greenleaf Co.,* 359 N.E.2d 931 (Ind.App. 3d Dist. 1977); *State ex rel. Standard Oil Co. v. Review Board of Indiana Employment Security Division,* 230 Ind. 1, 101 N.E.2d 60 (1951). [6]

More specifically, at least one of two statutory avenues of review appears to be available. [7] On direct review, Ind.Code 6–1.-1–13–5 provides that a county board of review shall on its own motion or on sufficient cause take steps to "reduce or increase the assessed value of any tangible property in order to attain a just and equal basis of assessment between the taxpayers of the

**2.** Realty taxes were involved in *Miller,* but the underlying statute involved, Ind.Code 6–1–31–1 *et seq.,* is the same statute that Sacks Bros. used in seeking state review in this case. Because *Green v. Klinkofe,* 422 F.Supp. 1021 (N.D.Ind.1976), the other case relied upon by the district court, involved state income tax and a different statutory scheme, we do not rely upon it.

**3.** Although plaintiff and defendants do not agree on which Indiana statute controls whatever state remedy is available (see note 7 *infra*), their absence of dispute on a related issue indicates apparent agreement with the proposition that the current set of Indiana tax statutes governs our determination of the adequacy of state remedies rather than the statutory scheme, replaced in 1975, that was in effect when the challenged taxes were assessed. Because the relevant differences between the two sets of statutes are not significant enough to change the result in this case, we need not accept or reject that proposition.

**4.** Article 10 § 1 of the Constitution of Indiana provides in pertinent part:

"The General Assembly shall provide, by law, for a uniform and equal rate of property assessment and taxation and shall prescribe regulations to secure a just valuation for taxation of all property, both real and personal. * * *."

**5.** Ind.Code 6–1.1–2–2. Before 1975, 6–1–21–2 contained similar language.

**6.** In *Simmons v. Woodward,* 217 Ind. 15, 26 N.E.2d 37 (1940), the Indiana Supreme Court implied that a county court has the power to consider discriminatory taxation claims when, in affirming the dismissal of a taxpayer's suit, it emphasized that "it is not contended by the appellants that the levy complained of discriminated against them or cast any more burden upon their property than upon property generally in the community." 26 N.E.2d at 40.

**7.** Although the plaintiff in its brief relied on the refund provision (see note 10 *infra*) and the defendants relied on the direct review provision (see note 9 *infra*), neither offered a persuasive reason why both remedies were not available to any taxpayer.

county;"[8] Ind.Code 6–1.1–15–1 *et seq.* then provides review of assessments and of determinations of this type first by the state board of tax commissioners and then in the state courts.[9] The statutes also provide a refund procedure after payment of the tax that covers claims that "the taxes, as a matter of law, were illegal."[10] Plaintiff's assertions that the direct review procedure is limited to a reassessment based only on the taxpayer's own property and that the refund procedure is limited to *ultra vires* illegality are belied by the case law and by the constitutional and statutory mandates of equality. In short, plaintiff has provided no persuasive reason why the remedies held to be sufficient in *Miller* would not have been sufficient here.

■ Because this case comes to us after a dismissal without appeal in state court of plaintiff's claim against collection of the same taxes, each party has raised an additional argument, neither of which affects the result. Plaintiff's contention is that the dismissal proves the unavailability of a state remedy. If this argument means that the remedy as a practical matter is now unavailable, the answer is that the application of Section 1341 depends on whether a state remedy was at some time available to the taxpayer and the taxpayer's failure to win in state court or to use the remedy properly does not negate the existence of the remedy. See *Aluminum Co. of America v. Michigan,* 522 F.2d 1120 (6th Cir. 1975). If, on the other hand, the argument is that plaintiff's experience proves as a general matter that the equal protection claim cannot be made in state court, the answer is that, as the district court found, plaintiff's state complaint did not raise the equal protection issue.[11]

■ Defendants seize on the same state court proceedings to contend that plaintiff's failure to appeal the state court judgment constituted a failure to exhaust state remedies and that any failure to pursue state remedies must bar federal relief. The argument in favor of a *per se* exhaustion rule reflects a basic misunderstanding of the Tax Injunction Act because, as has been implicitly recognized in numerous cases, the purposes of that Act are satisfied if the taxpayer can prove, based on state statutes or case law, that the state courts would not entertain its challenge. See, *e. g., Garrett v. Bamford,* 538 F.2d 63, 68 (3d Cir. 1976), certiorari denied, 429 U.S. 977, 97 S.Ct. 485, 50 L.Ed.2d 585. Here, however, the taxpayer was unable to prove that the state courts would not entertain its challenge and thus was unable to prove that the bar of Section 1341 should not apply.

## II. *The Statute of Limitations*

■ As to plaintiff's claim for damages against Assessor Cunningham under 42 U.S.C. § 1983, the district court held the action was barred by the two-year provision in Indiana Code 34–1–2–2 First. That complete statute provides as follows:

"The following actions shall be commenced within the periods herein prescribed after the cause of action has accrued, and not afterwards.

"First. For injuries to persons or character, for injuries to personal property, and for a forfeiture of penalty given by statute, within two (2) years: Provided, That actions on account of injuries to personal property which occurred prior to the effective date of this amendatory act (March 7, 1951) shall be commenced within two (2) years from the effective date of this amendatory act.

---

**8.** A similar provision appeared at 6–1–28–5 before 1975.

**9.** The analogous statute in the prior scheme, 6–1–31–1 *et seq.*, was the statute discussed in *Miller.*

**10.** Ind.Code 6–1.1–26–1. Its predecessor was 6–1–58–1.

**11.** In fact, because of our determination that plaintiff could have raised the equal protection issue in state court, the district judge could have dismissed this complaint on the ground that the state court judgment was *res judicata.* See *Mr. Boston Distiller Corp. v. Pallot,* 469 F.2d 337 (5th Cir. 1972), certiorari denied, 411 U.S. 967, 93 S.Ct. 2150, 36 L.Ed.2d 688.

"Second. All actions against a sheriff, or other public officer, or against such officer and his sureties on a public bond, growing out of a liability incurred by doing an act in an official capacity, or by the omission of an official duty, within five (5) years; but an action may be brought against the officer or his legal representatives, for money collected in an official capacity, and not paid over, at any time within six (6) years."

Judge Steckler considered the two-year limitation applicable because plaintiff was suing "for alleged damage to personal property caused by official conduct" (Order p. 7). Relying on *Hill v. Trustees of Indiana University*, 537 F.2d 248, 254 (7th Cir. 1976), he reasoned that plaintiff's Section 1983 action is "sufficiently close to the character of a central tort action" that the state's statute of limitations for tort actions should apply (Order p. 7).[12]

Both *Hill* and the district court's decision here were prior to *Beard v. Robinson*, 563 F.2d 331, 336–337 (7th Cir. 1977), where we determined that civil rights and tort actions are significantly different, so that it would be improper to look to the underlying tort to determine the applicable statute of limitations. Applying the approach taken in *Beard* and *Teague v. Caterpillar Tractor Co.*, 566 F.2d 7 (7th Cir. 1977), we hold that the five-year statute of limitations is applicable, so that plaintiff's claim for damages may proceed for the years 1972–1974.[13]

Even if *Beard* did not apply, the plain language of Indiana Code 34–1–2–2 Second dictates such a result. Although defend-

ants contend that the second clause is limited to actions on a bond, the wording of the statute clearly includes this claim because it covers "all actions against * * * [a] public officer * * * growing out of a liability incurred by doing an act in an official capacity." We hold that the five-year statute of limitations is applicable, so that plaintiff's claim for damages may proceed for the years 1972–1974,[14] subject to whatever other defenses may be available to Cunningham.

The district court's order is affirmed insofar as it denied plaintiff equitable relief, but the order is reversed and remanded insofar as it dismissed plaintiff's damage action for the years 1972–1974.

**12.** *Allen v. Lackey,* No. IP 75–17–C (S.D.Ind., Jan. 11, 1977), relied upon by defendants in the district court, also seems to be based on an analogy between the civil rights claim and a state tort claim.

**13.** Defendants rely on *Parrish v. The Kroger Company,* No. IP 77–460–C (S.D.Ind. Nov. 17, 1977), where the Indiana two-year statute for personal injuries was chosen over the fifteen-year statute for all actions not limited by any other statute (I.C. 34–1–2–3) in a race discrimination suit brought under Title VII of the 1964 Civil Rights Act and 42 U.S.C. § 1981. Unlike the present case, *Parrish* was not an action against a public officer growing out of a liability incurred by doing an act in an official capac-

ity so that I.C. 34–1–2–2 Second was not implicated.

**14.** Plaintiff sought damages from 1970 to 1974, but the five-year statute of limitations applicable to this 1977 complaint bars relief for years preceding 1972. Plaintiff suggests on appeal that only the judgment entered against its property in 1975 caused damage and thus the statute of limitations should be computed from that date. As the amended complaint indicates, however, the discrimination alleged was not in obtaining a judgment on taxes determined to be due but rather in imposing the tax in a discriminatory manner. See Amended Complaint ¶ 12; cf. *Strung v. Anderson,* 452 F.2d 632 (9th Cir. 1971).