

Opinions of the United
States Court of Appeals
for the Third Circuit

10-8-2003

# Locklear v. Remington

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2409

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation
"Locklear v. Remington" (2003). *2003 Decisions*. Paper 212.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/212

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2409

AUTREY J. LOCKLEAR,
                              Appellant,

v.

WILLIAM M. REMINGTON, Director of
Revenue in and for the State of Delaware

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 02-cv-01579)
District Judge: Honorable Sue L. Robinson

Submitted Under Third Circuit LAR 34.1(a)
October 1, 2003

Before: ALITO, BARRY and ALDISERT, <u>Circuit Judges</u>

(Filed: October 7, 2003)

OPINION

PER CURIAM

   Appellant Autrey J. Locklear filed this <u>in forma pauperis</u> civil rights action against

the Director of Revenue for the State of Delaware when he was unable to persuade the

state taxing authorities to accept his offer of $500.00 to settle his tax debt of $358,756.34.[1] Although the state was unwilling to accept only $500.00 it did make a counter-offer of $108,353.52. This was unacceptable to Locklear and he filed an administrative appeal with the Delaware Tax Appeal Board, and subsequent appeals with the Delaware Court of Chancery and state supreme court, losing at each level before turning to federal court. Locklear alleged that his federal constitutional civil rights were violated by a state tax lien encumbering his property and the garnishment of his wages, and asked the District Court to enjoin the lien and the garnishment until a settlement acceptable to him could be worked out. The validity of the tax debt is not disputed.

The Director of Revenue moved to dismiss the complaint, and, in an order entered on April 28, 2003, the District Court granted the motion. Locklear appeals, and has filed a motion in this Court seeking the same injunctive relief he sought in the District Court.

We will affirm. We agree with the District Court that principles of comity and the Tax Injunction Act, 28 U.S.C. § 1341, apply here and prohibited the court from interfering in the State of Delaware's efforts to collect a valid tax debt. The Tax Injunction Act prohibits federal courts from enjoining "the assessment, levy or collection of any tax under State law" where state law provides a "plain, speedy and efficient" remedy. See Kerns v. Dukes, 153 F.3d 96, 101 (3d Cir. 1998) (addressing the adequacies

---

[1] Inasmuch as we are writing only for the parties, we need not set forth the factual and procedural background of this matter, except as may be helpful to our brief discussion.

2

of Delaware's remedies). The record of Locklear's state administrative appeals establishes without a doubt that he had a plain, speedy and efficient remedy to pursue for his claims, including his due process claim under the Fourteenth Amendment. Id. at 103. We have fully considered Locklear's arguments to the contrary and find them lacking in merit. The state remedies are not deficient so as to enable Locklear to proceed in federal court merely because he failed to use the remedies properly and/or suffered adverse decisions in state court. See Sachs Brothers Loan Co. v. Cunningham, 578 F.2d 172, 175 (7th Cir. 1978) ("[T]he taxpayer's failure to win in state court or to use the remedy properly does not negate the existence of a remedy.")

We will affirm the order dismissing the complaint. The motion Locklear filed in this Court for injunctive relief is denied as moot.