**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**October 30, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

———————————————————

ROBERT WEST,

    Plaintiff - Appellant,

v.

SCOT KERSGAARD; SUE
FLAGEOLLE; TODD ENYEART;
NICHOLAS LEHTO,

    Defendants - Appellees.

No. 24-1483
(D.C. No. 1:23-CV-02054-SKC-NRN)
(D. Colo.)

———————————————————

## ORDER AND JUDGMENT[*]

———————————————————

Before **HOLMES**, Chief Judge, **TYMKOVICH**, and **MORITZ**, Circuit Judges.

———————————————————

Robert West, proceeding pro se, filed suit under 42 U.S.C. § 1983 against

Jefferson County Tax Assessor, Scot Kersgaard, and three Jefferson County

employees. The district court dismissed West's amended complaint for lack of

subject-matter jurisdiction, holding that the Tax Injunction Act, 28 U.S.C. § 1341,

barred his claims. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  BACKGROUND

West owns a property in Jefferson County, Colorado.  In August 2023, he filed a complaint in federal district court seeking redress for his claims that Assessor Kersgaard incorrectly calculated the appraisal value of his property and corresponding property taxes.  West amended his complaint in December 2023.  His amended complaint alleged, under § 1983, that Assessor Kersgaard and Jefferson County employees Sue Flageolle, Todd Enyeart, and Nicholas Lehto (collectively, "Defendants") violated his "14th amendment protection of property and right to due process."  R. at 72.  He sought injunctive relief, punitive damages, and damages for the amount he paid in property taxes for the 2021 and 2022 tax years.

The district court referred the case to a magistrate judge.  As relevant here, Defendants moved to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  The magistrate judge recommended dismissal, determining that the Tax Injunction Act divested the district court of subject-matter jurisdiction and therefore barred its consideration of West's claims.  Over his objection, the district court adopted the magistrate judge's recommendation and dismissed the case.  West timely appealed.

## II.  DISCUSSION

We review de novo a district court's dismissal for lack of subject-matter jurisdiction.  *Mann v. Boatright*, 477 F.3d 1140, 1145 (10th Cir. 2007).  Because West represents himself, we construe his filings liberally.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

2

Under the Tax Injunction Act, "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be held in the courts of such State." 28 U.S.C. § 1341. The Tax Injunction Act is a "broad limitation on federal court interference with state collection of taxes" that bars injunctive relief, "declaratory relief, and suits for damages as well." *Brooks v. Nance*, 801 F.2d 1237, 1239 (10th Cir. 1986) (internal citation omitted).

The amended complaint asked the district court to order "[t]he return . . . of the $7,660.40 tax payment" West made to Jefferson County for the 2021 and 2022 tax years because it "was calculated based on a wrong and illegal mass appraisal value of $680,344." R. at 74; *see id.* at 78–80 (supporting documents). In requesting this tax refund, West plainly sought to enjoin or restrain Jefferson County's assessment, levy, and collection of property taxes from him for the 2021 and 2022 tax years. *See Cities Serv. Gas Co. v. Oklahoma Tax Comm'n*, 656 F.2d 584, 586 (10th Cir. 1981) (stating "[i]t is undisputed that [§] 1341 applies to claims seeking . . . refunds of taxes paid").

The injunctive relief West requested also falls within the Tax Injunction Act's ambit. "[A]n injunction is clearly a form of equitable relief barred by the [Tax Injunction Act]." *Direct Mktg. Ass'n v. Brohl*, 575 U.S. 1, 7 (2015). And the amended complaint asked the district court to order Assessor Kersgaard to "cease and desist" using "a mass appraisal value as a 'current actual value'" for any specific

3

property's notice of valuation or tax calculation. R. at 74–75. This was a patent attempt to enjoin Jefferson County from assessing and collecting property taxes.

Moreover, Colorado law provides numerous administrative and judicial means to challenge property tax assessments. A property owner who disputes the valuation of his property may file a protest or objection with the county assessor. *See* Colo. Rev. Stat. § 39-5-122. If the assessor refuses or denies the property owner's protest or objection, he can appeal to the county board of equalization ("BOE"). *See* Colo. Rev. Stat. § 39-8-106. If the BOE also denies the appeal, the property owner has three additional avenues for relief; he can: appeal to the board of assessment appeals, appeal to the district court of the county where the property is located, or submit the case to arbitration. *See* Colo. Rev. Stat. § 39-8-108. If the property owner elects either the first or second option and loses, he can then petition for state-court appellate review. *See id.* Thus, West had "a plain, speedy and efficient" state remedy to challenge the appraisal value of his property. 28 U.S.C. § 1341.

West's appellate briefs are largely devoid of supported, coherent arguments. He seems to argue that his prior state court litigation renders the Tax Injunction Act inoperative, but he is mistaken. *See Cities Serv. Gas Co.*, 656 F.2d at 586 (explaining that "the likelihood of plaintiff's success in the state court is not a factor to be considered when determining whether the jurisdictional prohibition of [§] 1341 applies"); *Sacks Bros. Loan Co., Inc. v. Cunningham*, 578 F.2d 172, 175 (7th Cir. 1978) (stating that "taxpayer's failure to win in state court or to use the remedy properly does not negate the existence of the remedy"). And our precedent

4

forecloses West's argument that because he asserted a federal civil rights challenge to the tax in question, the Tax Injunction Act does not apply. *See Brooks*, 801 F.2d at 1239 ("Basing a complaint upon alleged violation of civil rights . . . or of the Federal Constitution will not avoid the prohibition contained in [§] 1341." (internal quotation marks omitted)).

In sum, the Tax Injunction Act divested the district court of subject-matter jurisdiction and therefore barred its consideration of West's claims.

### III.  CONCLUSION

We affirm the district court's judgment.

Entered for the Court

Nancy L. Moritz
Circuit Judge