# FOR PUBLICATION



ATTORNEYS FOR APPELLANT:

**JON LARAMORE**
**HARMONY A. MAPPES**
Faegre Baker Daniels LLP
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE PETITION FOR CHANGE OF BIRTH CERTIFICATE | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | No. 79A03-1403-MI-91 |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

APPEAL FROM THE TIPPECANOE CIRCUIT COURT
The Honorable Donald L. Daniel, Judge
Cause No. 79C01-1303-MI-33

**December 4, 2014**

**OPINION - FOR PUBLICATION**

**FRIEDLANDER, Judge**

Appellant is a transgender male who identifies as a man, lives as a man, and has undergone extensive medical treatment for gender transition, including gender reassignment surgery. Appellant filed a petition to change his legal gender so that he could correct the gender markers on his birth certificate. The trial court denied the petition based upon a perceived lack of authority to grant such a request. In this uncontested appeal, Appellant contends that the trial court erred by refusing to grant the petition.

We reverse and remand.

In 1988, Appellant was born in Indiana as a genotypical female. Since 2008, Appellant has received ongoing psychotherapy to address longstanding gender dysphoria (formerly known as gender identity disorder). As Appellant's desire and readiness to pursue gender reassignment became clear, Appellant began living as a male in January 2011 and shortly thereafter started testosterone treatment, which he has since continued. Appellant legally changed his name in 2012, and he completed sex reassignment surgery the following year. According to his surgeon, Appellant's true gender, based upon psychological and medical testing, is male. Appellant has changed his name and gender mark on his driver's license, as well as with the Social Security Administration. His birth certificate is the only significant life document that remains to be changed.

On March 26, 2013, Appellant filed a petition for change of gender in Tippecanoe Circuit Court. The petition sought an order changing Appellant's legal gender from female to male "for the purposes of meeting the requirements of the Indiana State Department of Health for changing the gender designation on birth records." *Appendix* at 6. Appellant stated in the petition that he had successfully transitioned to a male role in society, in

2

accordance with accepted medical standards of care for gender dysphoria, and that he desired to change his gender designation so that his birth record "may be more congruent with his appearance and social role." *Id.*

Appellant appeared pro se at the uncontested hearing on the petition on February 12, 2014. He presented evidence from his surgeon, therapist, and endocrinologist detailing his gender transition. He also provided the court with a letter from the Indiana State Department of Health (the ISDH) setting out its official process for changing the gender marker on birth records. In the letter, the ISDH Birth Record Amendment Supervisor stated in relevant part:

> The [ISDH] Registrar's manual states that we need a court order to change the gender on a birth record for a person who has gone through Gender Reassignment Surgery.
>
> The court order needs to tell us the person's name, date and place of birth and needs to tell us to change the original gender of the person on the person's birth certificate.
>
> The [ISDH] Vital Records office will accept any court ordered gender change from any valid court in the United States.

*Id.* at 9. The court took the matter under advisement after specifically finding that the petition had been made in good faith and not for a fraudulent or unlawful purpose.

On February 14, 2014, the trial court issued an order denying the petition. The court concluded that it did not have authority to grant such a request, noting that the Indiana General Assembly had not yet spoken on the issue. On appeal, Appellant contends that the trial court had authority pursuant to Ind. Code Ann. § 16-37-2-10 (West, Westlaw current

3

with all 2014 Public Laws of the 2014 2ⁿᵈ Regular Session & 2ⁿᵈ Regular Technical Session of the 118ᵗʰ General Assembly), as well as the court's inherent equitable authority.

I.C. § 16-37-2-10(b) provides in relevant part: "The state department may make additions to or corrections in a certificate of birth on receipt of adequate documentary evidence". Like name changes,[1] the ISDH defers to the courts by requiring a court order to establish adequate documentary evidence for an amendment of gender on a birth certificate. Courts in our state have entered such orders. *See In re Davis*, 1 N.E.3d 184 (Ind. Ct. App. 2013) (observing that trial court granted petition to change gender on birth certificate). Further, the Indiana Bureau of Motor Vehicles expressly recognizes "certified amended birth certificate[s] showing a change in…gender" as proof of identity to obtain, renew, or amend an Indiana driver's license or identification card. *See* 140 Ind. Admin. Code 7-1.1-3(b)(1)(B) and (K).

Though never addressed by this court, the amendment of a birth certificate with respect to gender is not novel. The vast majority of states, including Indiana, have allowed it in practice for some time. *See In re Heilig*, 816 A.2d 68 (Md. 2003) (recognizing that, at the time, twenty-two states had enacted statutes expressly enabling such amendments and twenty states had statutes dealing generally with amendments to birth certificates; only Tennessee statutorily forbade an amendment as to gender). *See also* Dean Spade, *Documenting Gender*, 59 Hastings L.J. 731, 768 (2008) (forty-seven states allow gender

---

[1] *In re Resnover*, 979 N.E.2d 668 (Ind. Ct. App. 2012), addresses the need for a court-ordered name change for an individual to obtain an amendment to the name on a birth certificate.

4

reclassification on birth certificates (Idaho, Ohio, and Tennessee do not);[2] twenty-eight of these states "specifically authorize gender reclassification by statute or administrative ruling, while the other nineteen have no written rule stating that they allow sex designation change, but in practice do provide sex designation change upon application").[3]

I.C. § 16-37-2-10 provides general authority for the amendment of birth certificates, without any express limitation (in the statute or elsewhere) regarding gender amendments. In light of this statute, as well as the inherent equity power of a court of general jurisdiction, we conclude that the trial court had authority to grant the petition at hand. *See State ex. rel. Root v. Circuit Court of Allen County*, 289 N.E.2d 503, 507 (Ind. 1972) ("a court of general jurisdiction has inherent equity power unless a statute expressly or impliedly provides otherwise"). *See also In re Heilig*, 816 A.2d at 82 ("[t]here is nothing extraordinary about equity jurisdiction in these kinds of matters").

We recognize the trial court's concern over what evidence is required in support of such a petition. In its order, the court queried in part:

> Can the court grant such a request merely because someone holds themselves out as a member of the other gender? If so, how long must they hold themselves out as a member of the other gender? Is gender reassignment

---

[2]  Tennessee is the only state that statutorily bans such amendments. *See* Tenn. Code Ann. § 68-303(d) (West, Westlaw current through end of the 2014 2nd Regular Session) ("[t]he sex of an individual shall not be changed on the original certificate of birth as a result of sex change surgery"). Ohio's denial is based on a ruling from a probate court interpreting Ohio's statute as "strictly a 'correction' type statute," which permits correction only "if in fact the original entry was in error." *In re Ladrach*, 32 Ohio Misc. 2d 6, 8 (Ohio Prob. Ct. 1987). *See also* Ohio Rev. Code Ann. § 3705.15 (providing for correction where registration of birth "has not been properly and accurately recorded"). The basis of Idaho's denial is unclear but commentators appear to agree that gender amendments are not permitted by Idaho's Office of Vital Statistics.

[3]  The Model State Vital Statistics Act and Regulations issued by the U.S. Department of Health and Human Services has, since the 1977 revision, provided in § 21 for the amendment of a birth certificate upon the receipt of a certified copy of an order indicating the individual's sex has been changed by surgical procedure.

surgery required?  Is hormone therapy required?  Is a medical opinion required?

*Appendix* at 4.  The legislature is free to craft specific requirements.  Without such guidance, however, it is our view that the ultimate focus should be on whether the petition is made in good faith and not for a fraudulent or unlawful purpose.[4]

There can be no question in this case that Appellant made an adequate showing in support of his petition.  He presented ample medical evidence regarding his gender transition, which culminated in sex reassignment surgery.  Moreover, Appellant's genuine desire to have all identifying documents conform to his current physical and social identity is apparent.

The trial court erred in denying the petition.  On remand, the trial court is directed to grant Appellant's petition and issue an order directing the ISDH to amend his birth certificate to reflect his male gender.

Reversed and remanded.

VAIDIK, C.J., and MAY, J., concur.

---

[4]  The Social Security Administration (the SSA) recently began a new policy for individuals seeking to change their gender designation in their Social Security records.  Previously, the SSA required documentation of sex reassignment surgery.  This is no longer required.  Under the new policy, individuals can submit, among other things, an amended birth certificate with the new sex, a court order directing legal recognition of the change of sex, or a physician's verified statement that "the individual has had appropriate clinical treatment for gender transition".  Soc. Sec. Admin., Program Operations Manual Sys., RM 10212.200 Changing Numident Data for Reasons Other than Name Change (2013), available at https://secure.ssa.gov/poms.nsf/lnx/0110212200. *See also Admin. Law-Identity Records-Soc. Sec. Admin. Eliminates Surgical Requirement for Changing Trans Individuals' Gender Markers.-Soc. Sec. Admin., Program Operations Manual System, Rm 10212.200 Changing*, 127 Harv. L. Rev. 1863 (2014).