## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 22 2019, 9:00 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Kathleen Cullum
Indiana Legal Services, Inc.
Indianapolis, Indiana

Megan Stuart
Indiana Legal Services, Inc.
Bloomington, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In re the Name Change of Catherine Clemmer, | October 22, 2019 |
| Dawson Clemmer (formerly Catherine Clemmer), | Court of Appeals Case No. 19A-MI-1221 |
| *Appellant-Petitioner.* | Appeal from the Hancock Superior Court |
| | The Honorable Terry K. Snow, Judge |
| | Trial Court Cause No. 30D01-1901-MI-21 |

**Bradford, Judge.**

# Case Summary

In January of 2019, Dawson Clemmer, a transgender man, petitioned for a name and gender-marker change. The trial court granted the name change but denied the gender-marker change. Clemmer contends that the trial court erroneously denied his petition. We agree and reverse and remand with instructions consistent with this decision.

# Facts and Procedural History

Dawson Clemmer (formerly Catherine Clemmer) is a transgender man who was born a female. On January 4, 2019, Clemmer petitioned for a change of name and gender marker. In his petition, Clemmer included a proposed order providing findings and conclusions of law. Clemmer averred that he was changing his name and gender marker in good faith and not for a fraudulent or unlawful purpose. Clemmer also averred that he wanted to make these changes to accurately reflect his gender identity and presentation. On April 5, 2019, the trial court held a hearing regarding Clemmer's petition. Following the hearing, the trial court took the matter under advisement pending resubmission after concluding that the proposed order was not properly completed because "[it didn't] have the name of the court in there, and also [it] didn't have the names in there, and [the court would] like to have it uh, typed out so it's legible." Tr. p. 4. Upon resubmission, the trial court granted the name change, but the change of gender marker remained pending. On April 22, 2019, Clemmer moved for a final order regarding his petition for a gender-marker change and

submitted a third proposed order. That same day, the trial court denied Clemmer's motion stating that "The court did not rule on gender change because the petitioner did not include that in the proposed order. Motion for gender marker change is denied." Appellant's App. Vol. II p. 3.

# Discussion and Decision

[3] Clemmer contends that the trial court erroneously denied his petition for gender-marker change. "[T]o the extent that our review requires us to review the trial court's factual determinations, we will apply a clearly erroneous standard." *Angelopoulos v. Angelopoulos*, 76 N.E.3d 852, 858 (Ind. Ct. App. 2017). This court provided guidance for trial courts to issue orders requiring the Indiana State Department of Health to change an individual's gender marker on his birth certificate in *In re Petition for Change of Birth Certificate*, 22 N.E.3d 707 (Ind. Ct. App. 2014). In doing so, we concluded that Indiana Code section 16-37-2-10 gives authority to grant petitions for gender-marker change.

> I.C. § 16-37-2-10 provides general authority for the amendment of birth certificates, without any express limitation (in the statute or elsewhere) regarding gender amendments. In light of this statute, as well as the inherent equity power of a court of general jurisdiction, we conclude that the trial court had authority to grant the petition at hand.

*Id*. at 709. In discussing what evidence was required to support a petition for gender-marker change, we concluded that the "ultimate focus should be on

whether the petition is made in good faith and not for a fraudulent or unlawful purpose." *Id*. at 710.

[4] Here, the record contains no evidence to suggest that Clemmer's petition was for fraudulent or unlawful purposes. In fact, Clemmer testified that he was not seeking a name change to defraud creditors or for fraudulent purposes. Clemmer also averred that he was seeking a gender-marker change in order to accurately reflect his gender identity and presentation. We conclude that Clemmer's petition was made in good faith and should not have been denied because of formatting errors on a proposed order.

[5] The judgment of the trial court is reversed and remanded with instructions for the trial court to enter an order granting Clemmer's petition for gender-marker change within thirty days after certification of this decision.

Vaidik, C.J., and Riley, J., concur.